Ritchey v. Davis.

## RITCHEY v. DAVIS.

1. MALICIOUS PROSECUTION. To sustain an action for damages for malicious prosecution, the plaintiff must show affirmatively, both malice and probable cause.

2. SAME. The sufficiency of evidence offered to sustain an action for malicious prosecution considered and discussed.

3. EVIDENCE OF PROBABLE CAUSE. The finding of a magistrate and the recognizance of the defendant to appear and answer to a charge preferred, is in law sufficient evidence of probable cause for the commencement of the proceedings in which such finding and recognizance was made.

4. SAME: IGNORING INDICTMENT. The ignoring of an indictment of a defendant held to answer for threats to do great bodily injury cannot be considered in evidence as tending to show an absence of probable cause for the prosecution.

5. SAME. A threat to do great bodily injury, coupled with a condition which includes the performance of a duty, by the party threatened, if made in a manner which would lead a cautious man to believe that it would be executed, is sufficient cause for requiring the party making the same, to keep the peace.

*Appeal from Adams District Court.*

SATURDAY, OCTOBER 6.

*Frank M. Davis, pro se,* contended:   1. To entitle plaintiff to recover, he must prove want of probable cause, and malice either express or implied.   2. That the evidence in

this case was not sufficient to show such want or malice. Citing, 5 Taunt. 187; 1 Sneed's (Tenn.) 1, 228; 4 Dana, (Ky.) 121; 1 Mason 24; 9 East. 361; 3 Blackf. 445; 11 Iredell 233.   3. Malice could be implied only from a total want of probable cause.  *Bristow* v. *Haywood*, 2 Eng. Com. L. 289; 8 Watts 240; *Potter* v. *Seal*, 8 Cal. 220; 3 Wash. C. C. 31; 10 John. 106; 24 Pick. 84; 2 Wend. 424; 1 Ib. 140; 9 Conn. 309; 3 Blackf. note to page 445 (exactly in point) 9 East. 180; 11 Iredell 262; 6 Litt. 7; 1 B. Mon. 359.   20 Ill. 356.   4. The finding of the magistrate who conducted the examination in the prosecution complained of, constituted a *prima facie* defense.   4 Minn. 462; 2 Yerger 329; 3 Murphy 348; 20 Ohio 129; 12 B. Mon. 555.   5. Threats made in a manner which would lead a reasonable man to apprehend that they would be executed, may constitute probable cause for prosecution.   36 Maine 536; 24 Pick. 84, 2 Denio 620.

*McPherson & Elliott* for the appellees, cited 2 Greenl. Ev. section 453 and 454; 7 Cowen 381.

Lowe, C. J.—Case of malicious prosecution for having plaintiff arrested maliciously and without probable cause, upon a charge of an alleged threat to do the defendant a great bodily injury.   Defendant denies, generally, and pleads other immaterial matters in avoidance, upon which the cause was submitted to a jury, and five hundred dollars in damages were given for plaintiff; a new trial moved for, refused, and final judgment rendered for the damages assessed by the jury.

Two of the causes assigned for a new trial, will be considered:

1. That the verdict was against the weight of evidence.

2. That the instructions of the court in behalf of the plaintiff, were erroneous.

The bill of exceptions purports to certify all the evidence, and the following is the substance of what the plain-

tiff offered to prove touching the malice and the want of probable cause:

A transcript of the proceedings had before the committing magistrate, which showed that the plaintiff had been arrested upon the complaint of defendant, for threatening to do him, the defendant, a great bodily injury, and upon examination was bound over to court in the sum of two hundred dollars. The magistrate himself testified that said proceedings did take place before him, and that he thought there was sufficient cause for binding the plaintiff over; that Davis, the defendant in this cause, did not testify before him. Searls, the constable who arrested Ritchey, and Morris, the sheriff, who for a day or so had him in custody, were also called by plaintiff to testify, but their evidence related entirely to the question of damages and not to the subject of malice and the want of probable cause. The grand jury's report upon the case was also offered in evidence, showing that they had ignored the complaint; and here the plaintiff closed his case. The defense showed that an execution in favor of one Ogden, against Ritchey, in which case the defendant, Davis, was the regular attorney of record, was placed in the hands of the sheriff for collection; that he called upon Ritchey to turn out property, which he refused to do; that he returned the execution, and said to Mr. Davis, the attorney, that he must show property and give him an indemnifying bond. Ritchey afterward came to the county seat and remarked to Davis, in a passion, "*I understand you are coming to Corning on your smashing process, and if you do, I warn you in time, that if you come to show my property, you come at your peril.*" Some three or four other witnesses testified that they heard Ritchey say to Davis that if he came over to Corning to show his property to the sheriff, he would do so "*at the risk of his life, or the peril of his existence, &c., &c.*"

To maintain this action, the plaintiff must show affirmatively, both malice and the want of probable cause. The above evidence shows that he failed to do either. It will be remem-

bered that the plaintiff had not been charged or arrested for the commission of an offense, but had been arrested for a threat to commit an injury upon the person of the defendant, the object of the proceeding as claimed by the petition was obviously to bind him over under the statute to keep the peace against Mr. Davis. It was not an indictable offense with which the grand jury had anything to do, and their return of "*ignoramus*" upon the transcript of the magistrate amounted to nothing, for it proved nothing, except that they had nothing to do whatever with the case. Then what else does the above evidence show that the plaintiff proved, in order to establish malice and the want of probable cause? Nothing, except the magistrate's transcript, and the magistrate's testimony, which show that he was regularly bound over to court upon sufficient testimony, without Davis testifying at all, and that fact really in law establishes the existence of probable cause. See 2 Greenleaf's Ev. section 457 and authorities there cited.

Independent of the testimony of the defense, the plaintiff failed to make out, in our opinion, a *prima facie* case, and of course, the verdict of the jury was against evidence, and for that reason alone a new trial should be awarded.

We also think the following instructions given for the plaintiff, do not contain the law of this case: 1st. " That if the jury believe, from the evidence, that Ritchey was discharged by the grand jury, that circumstance is evidence tending to show want of probable cause on the part of Davis to prosecute Ritchey." What we have already said with reference to the action of the grand jury in this case, exhibits the faulty character of this instruction. 2d. " When probable cause is not proved, the law implies malice or wrong on the part of Davis, and unless the jury are satisfied from the evidence that there was probable cause to prosecute Ritchey, the jury should find for the plaintiff."

In this proceeding there is no such thing as malice in law, as there is in a case of slander. Malice is a question of fact

which the jury may infer from the want of probable cause, but they are not bound to do so, as this instruction clearly implies.  2 Iowa 393; 5 Iowa 277; 8 Blackf. 523; 5 B. & Add. 588.

Again, the court instructed the jury: "That if Ritchey coupled his theats with a condition, the jury may consider that, as a circumstance going to show a want of probable cause to prosecute Ritchey.  As applicable to this case, this instruction given in this unqualified manner was calculated to mislead.  A threat coupled with a condition which contemplates the doing of an unlawful or even an unnecessary act by the party threatened would furnish perhaps no ground of complaint.  But a threat coupled with a condition which included the performance of a professional duty is a very different thing, and that was this case.  Davis was the attorney of the plaintiff in the execution, he had been told by the sheriff that Ritchey had refused to turn out property, and that he the sheriff thought he was concealing his property and that it would be necessary for him, (Davis,) to show property and give an indemnifying bond, if he wanted his execution satisfied.  Under these circumstances if Davis did know of property which the sheriff did not, it was his right as a faithful attorney to point it out, and the defendant in the execution would have no right to threaten his life for doing so; and if he did it in a way to lead a cautious man to suspect that he intended to make good his threat, he should be placed under bonds to keep the peace.

Reversed and remanded for a new trial.