CORRELL v. GLASSCOCK.

Amendment: DISCRETION. The allowance of a slight amendment to meet the case made by the proof, and which could not have operated to surprise the adverse party, was held not to be such an abuse of discretion as to justify a reversal of the judgment, although the leave was not granted until after the close of the evidence and arguments of counsel, and the amendment was not actually *filed* until after the return of the verdict.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 27.

THE plaintiff appeals and assigns for error the action of the court below in allowing an amendment and rendering judgment under the circumstances disclosed in the opinion.

*J. M. Brayton* for the appellant.

*A. E. House* for the appellee.

WRIGHT, J. — The petition counts upon a promissory note. Defendant in an amended answer admitted the
AMENDMENT: execution of the note, and in a cross-demand
discretion. claimed damages for a breach of warranty in the sale of a span of horses. The alleged warranty was that the horses were sound. · On the trial the warranty proved, if any, was, that the horses did not have the glanders. After the testimony and argument to the jury were closed, defendant asked and obtained leave to again amend his answer, which amendment, however, was not in fact *filed* until the next day after the coming in of the verdict, which was in defendant's favor. This amendment, conforming to the proof, alleged the warranty to be. that the horses had not the glanders. And now, because, as plaintiff claims, the verdict was rendered upon an issue not sustained by the evidence; and because the court allowed this amendment at the close of the evidence, and to be filed after verdict, he asks for a reversal of the judgment. We do not stop to inquire whether the amendment was material, — that is, whether the evidence did not correspond with the answer as it stood at the time the case was tried. However this may be, we are clear that there was no such prejudicial error in the action of the court as to justify a reversal of this case. The variance could not have surprised the plaintiff. It was but the fair exercise of a discretion wisely lodged with the court in allowing an amendment to meet the case made by the proof; all of the essential facts being of record. The amendment was slight, filed, it is true, after verdict, and yet in accordance with leave previously asked and obtained; and under such circum-

stances we should have to override the plainest teachings of our statute to regard the action of the court erroneous. Upon this subject see Revision, sections 2972, 2973, 2977, 2978, and the cases cited thereunder.

Affirmed.