SMITH v. HOWARD.

1. Amendment: VARIANCE: DISCRETION. The action of the court below in allowing the plaintiff to amend his petition while the second argument was being made to the jury by defendant's counsel, in order to conform the pleadings more definitely to the facts proved on the trial, will not be disturbed by the Supreme Court unless satisfied that there has been abuse of discretion, or that the order made was not in furtherance of justice.

2. Evidence: ERROR WITHOUT PREJUDICE. The rejection of evidence which has in substance already been given to the jury in a prior stage of the proceeding, does not constitute sufficient ground for the reversal of a case.

3. Malicious prosecution: PROBABLE CAUSE. In an action for malicious prosecution the jury may infer malice from want of probable cause, but they are not bound to make this inference And if malice is deduced from want of probable cause, it is as much malice in fact, within the meaning of the law, as though shown or deduced from any other fact or facts.

4. Slander: WORDS SPOKEN WHILE A WITNESS. A person is not liable for slander on account of words spoken by him as a witness, if, in response to the questions asked him, he spoke the words alleged without malice. The rule in such case is, that what was said pertinent to the matter in controversy being privileged, the legal idea of malice is excluded; but if not pertinent and not uttered *bona fide*, but for the purpose of defaming plaintiff, protection cannot be claimed, and the witness will be liable.

*Appeal from Appanoose District Court.*

MONDAY, OCTOBER 11.

THE defendant filed an information before a justice and caused plaintiff's arrest, for the alleged stealing of a certain calf, the property of, etc. Plaintiff was discharged, and thereupon commenced this action, claiming, first, for the value of said calf (the possession of which it seems defendant in some way obtained); second, for "malicious prosecution" (the original notice says for "false imprisonment," but the court and counsel seem to have ignored this designation); third, for slanderous words spoken in relation to such alleged larceny. Upon the issues joined there was a trial, which resulted in a verdict for defendant upon the first count, and for the plaintiff upon the *second* and *third* in the sum of $225. Judgment accordingly, and defendant appeals.

*Perry & Townsend* and *Fee & Robertson* for the appellant.

*Harris & Drake* and *H. H. Trimble* for the appellee.

WRIGHT, J.— The errors assigned relate to the action of the court in allowing an amendment to the third count of 1. AMENDMENT: the petition, in rejecting certain evidence, variance: discretion. and giving and refusing certain instructions. Of these in their order. 1. The objections to the amendment were, that it set up an additional cause of action, was too late, and defendant was not prepared to resist it. It was offered while the second argument was being made to the jury by defendant's counsel. The testimony is not before us. Defendant made no showing of being taken by surprise. The amendment is for precisely the same cause of action, as to date, and the larceny referred to in

the language used by defendant; the single object being to conform the pleadings the more certainly to the facts of words proved. That this is allowable is declared by more than one provision of the statute. Rev. §§ 2977, 2979, 2972, and notes under section first cited; and also *Hall* v. *Gould*, 3 Kernan, 127. These sections endow the trial court with very large (not to say the very largest) discretionary powers; and this court will not interfere with such exercise, unless satisfied that the order made is not in furtherance of justice. The rather recent case of *Fulmer* v. *Fulmer* (22 Iowa, 230) is in accord with this proposition. And see *Correll* v. *Glascock*, 26 Iowa, 83.

II. To the action of the court in rejecting the offered testimony, we think it is well answered, among other points made by appellee, that it had already been introduced, and defendant could not be prejudiced because he was not allowed again to give it to the jury. The object of the proof was to show what defendant said to the justice at the time he appeared before him to make the complaint. The said justice also being an attorney at law, it was claimed that defendant would be protected if he acted upon the advice thus given and received, and that what was then said was a part of the *res gestæ*, and hence admissible. To establish these facts the justice was offered as a witness. And yet it appears that defendant had been allowed to prove by this same witness and his own testimony, at a prior stage of the case, substantially these same facts. It is true the prior testimony detailed conversations which took place before the day of filing the information, but, so far as they tended to show that the defendant was actuated by good motives and to disprove malice, they were just as effectual as the conversation afterward repeated, and which was rejected. The pretense that defendant was seeking the opinion of the witness *as an attorney* is too barren to

2. EVIDENCE: error without prejudice.

need notice. His opinion as a justice of the peace it is not claimed would *protect*. The defendant had the benefit of his alleged care and caution in laying the case before the justice, so far as it tended to indicate motive, without the offered testimony; and looking at the instructions and the entire record, it seems probable that the verdict was the result of a conviction on the part of the jury that he did not make a full and fair statement of the case, or that he made use of the machinery of a criminal process, to coerce the delivery of personal property, as to the title of which there was fair and just ground of controversy.

There was, under the circumstances, no error in rejecting the testimony, and, least of all, any of such prejudicial nature as to justify a reversal of the judgment.

III. The instructions asked by defendant were all refused. Those given by the court seem to us to cover, with great particularity and with almost unusual fairness, every point made by those asked. Frequently the very language used by defendant's counsel in the requested instructions is given, and throughout the very well-considered charge it will be found that many of the most important cases, upon the subject of motive and probable cause in cases for malicious prosecution in this State and elsewhere, have been consulted and followed. In every respect it strikes us as being eminently fair, and so far from being obnoxious to the objection of presenting the plaintiff's case in the strongest light, and failing to cover the points made by defendant, it seems to us as being singularly just and full to both parties, and upon all the questions made. Thus much generally, and we pass to notice the two specific objections pointed out to the instructions. It is said that the court instructed that malice *in fact* need not be shown in the action for malicious prosecu-

3. MALICIOUS PROSECUTION: malice: want of probable cause.

tion, but that malice *in law* was sufficient. We do not so read the record. The distinction between malice in law and malice in fact, and the different rule obtaining in this class of cases and actions of slander, is not once suggested nor referred to ; but the court below, following *Center* v. *Spring*, in this court (2 Iowa, 393), and the many cases there cited, as also the subsequent one of *Ritchy* v. *Davis* (11 Iowa, 124), instructed that malice might be inferred from the want of probable cause, but that the jury was not bound to make such inference. If motive is deduced from the want of probable cause (and all the cases, we believe, concur in holding that this may be done) it is as much malice in fact, within the meaning of the books and cases, as though shown or deduced from any other fact or facts.

If the jury had been told, as in *Newell* v. *Davis* (8 Blackf. 523), that a want of probable cause was sufficient evidence of malice, there would have been some ground for the objection now under consideration. For such is not the law. We so held in *Ritchy* v. *Davis, supra ;* and see *Mitchell* v. *Jenkins*, 5 Barn. and Adol. 588.

The action of the court below, as already suggested, was in accord with these authorities, and not obnoxious to the objection stated.

And see the preceding case of *Shaul* v. *Brown, infra.*

In like manner appellant's counsel misapprehend the charge of the court as to the speaking of the words upon which the slander is assigned. It seems there was testimony tending to show that some of the words, at least, were spoken by the defendant while a witness on the stand, in the trial of the criminal case. The claim is, that they were merely responsive to questions asked him ; that they were privileged, and defendant is hence protected. And upon this subject the court charged that defendant would have no right to travel

4. SLANDER : words spoken while a witness.

outside of his duty as a witness to unnecessarily traduce the plaintiff's character; but if, as such witness, in answer to questions put by attorneys, he spoke the words alleged, without malice, believing them to be responsive, he would not be liable.

The criticism is unfair which says that, under this language, the jury was bound to find for plaintiff, though it was found that defendant was forced to answer the question, if it was also believed that he did not "*like plaintiff, and had malice.*" The words "without malice" relate to the *speaking*, to the *specific act*, to the state of mind at *that time*, to the motive influencing these, and not to defendant's *likes* or dislikes, his motives generally, nor to his *malice generally*. It is not objected that the words are too broad, not properly qualified or limited, but, in effect, that any witness on the stand might be liable in slander, though compelled to use slanderous words against another, if it appeared that he entertained dislike or malice to the person mentioned. Now, suppose defendant used the words in malice, and did not believe them to be responsive to the questions asked, would protection be claimed for him? The occasion, the place, the circumstances, may have afforded *prima facie* evidence to repel the inference of malice. And this is conceded. But if the jury believed that defendant's purpose in speaking the words was malignant, and that he took that opportunity to gratify his malice with impunity, he would unquestionably be liable. 2 Stark. Ev. 464; 2 Greenl. Ev. 622; *Somerville* v. *Hawkins*, 3 Eng. L. and E. 503; *York* v. *Rose*, 2 Gray, 282. And, in such a case, the occasion would not afford protection. The true rule, in other words, is, that what was said pertinent and material to the matter in controversy being privileged, the legal idea of malice is excluded; but if not pertinent, and not uttered *bona fide*, but for the purpose of defam-

ing plaintiff, protection cannot be claimed, and defendant would be answerable. *Howard* v. *Thompson*, 21 Wend. 320, and note thereto; 1 Am. Leading Cases, 185, 186, and many cases there cited; and *Mayo* v. *Sample*, 18 Iowa, 306, and the cases collected in the concluding part of opinion, p. 312.

The instructions under consideration do not conflict with these views. And thus having examined the points relied upon to reverse this case, and finding no error, the judgment below must stand.

Affirmed.