## SAYRE v. WHEELER.

1. Practice: AGREED STATEMENT OF FACTS. Where the record recites that the cause is submitted on an agreed statement of facts embodied in the transcript, it will not be presumed that evidence was introduced on either side.

2. Contracts: SUNDAY: ONUS. A contract made on Sunday is void, unless the case falls within some of the exceptions of the statute; and the burden of showing this is on the party claiming it.

3. —— In the absence of proof it will be presumed that the laws of another State,where the contract was executed, are, in this respect, the same as ours. The case of *Sayre* v. *Wheeler*, 31 Iowa, 112, followed.

*Appeal from Boone Circuit Court.*

FRIDAY, DECEMBER 8.

ACTION upon a promissory note for $66.57, dated January 1, 1860. Defense that the note was made and deliv-

Sayre v. Wheeler.

ered on the 1st day of January, 1860, which was Sunday
The cause was submitted to the court on the following
agreed statement of facts, to wit: That said note was
made and delivered in the State of Missouri, on the
1st day of January, 1860, which was the first day of the
week, Sunday. Judgment for plaintiff, from which
defendant appeals.

*W. R. Lawrence* for the appellant.

*Hull & Ramsey* for the appellee.

DAY, J. — Appellee does not insist that a note executed
on Sunday is, under the law of this State, valid, unless it
falls within certain exceptions. His position is, 1. That
this court will not review the finding of the court below,
because there is no certificate showing that the record con-
tains all the evidence, and no finding of facts; 2. That
there are exceptions to the rule rendering a note given
on Sunday invalid, as in the case of persons observing the
seventh day as Sabbath, etc. We will briefly consider
these positions.

I. The record shows that the cause was submitted to the
court upon the following agreed statement of facts, to wit:
1. PRACTICE: "That said note was made and delivered in
agreed state-
ment of facts. the State of Missouri, on the 1st day of Jan-
uary, 1860, which was the first day of the week, Sunday."
It further recites that, " upon the issues herein joined, *and
the said facts*, the court found for the plaintiff."

Under such a state of the record we certainly can find
no warrant for inferring that evidence was introduced
qualifying or enlarging this statement. This court does
not take judicial notice of the statutes of Missouri, and,
in the absence of proof to the contrary, they are presumed
to be the same as our own. *Bean* v. *Briggs*, 4 Iowa,
466; *Carey* v. *The Cincinnati and Chicago R. R. Co.*, 5
id. 357.

II. Section 4392 of the Revision places a general inhibition upon all kinds of manual labor on the Sabbath, the *2. CONTRACTS:* works of necessity and charity only excepted. *Sunday: onus.* By way of proviso it is enacted that nothing contained in the section shall be construed to extend to those who conscientiously observe the seventh day of the week as the Sabbath, etc.

1. The executing and delivering a promissory note is not *prima facie* a work of necessity and charity. If any special facts existed in this case to make it such, they should have been introduced in evidence. No such evidence being introduced, there is no warrant for holding the act lawful.

2. If the plaintiff claims any benefit from the proviso in favor of those who conscientiously observe the seventh day of the week as the Sabbath, he must show that his case comes within the proviso. *Sayre* v. *Wheeler*, 31 Iowa, 112; 1 Kent's Com. (8th ed.) 513, and cases cited; *Pike* v. *King*, 16 Iowa, 49.

Reversed.