O'CONNELL v. COTTER ET AL.

1. **Jurisdiction**: ORIGINAL NOTICE: PLEADING. Where the original notice stated that the plaintiff claimed a certain sum of money on a note and the foreclosure of a mortgage, but the petition, while describing the mortgage, failed to ask a foreclosure therof, *held*, that a judgment of foreclosure was not void, but voidable only, and might be set aside upon motion, but that the judgment for the amount due upon the note should stand.

2. ———: SPECIAL EXECUTION: JUDICIAL SALE. Special execution having issued under the decree, the defendant selecting an appraiser, and the property having been sold, the sale was not invalidated by the error in the form of the judgment and execution.

3. **Practice**: AMENDMENTS: WHEN MADE. Amendments in furtherance of justice may be made at any time, and it is competent to amend after judgment when no new cause of action is introduced, the granting of such an amendment resting within the sound discretion of the court.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

THE plaintiff brought an action to foreclose a mortgage executed by defendants. A judgment by default was rendered, foreclosing the mortgage, and for the amount due on the note secured thereby. A special execution was issued, and thereunder the mortgaged premises were sold to one Gerhard; afterward, a motion was made by the defendants to set aside the foreclosure of the mortgage and the sale of the premises to Gerhard, on the ground that no foreclosure was asked in the petition. Before this motion was determined the plaintiff filed a motion to correct the alleged mistake in the petition, by adding thereto a prayer asking a foreclosure of the mortgage. The Circuit Court sustained defendant's motion and set aside the decree of foreclosure and sale of the mortgaged premises, and overruled the plaintiff's motion to amend the petition, and the plaintiff appeals.

*Chase, Monroe & McGuire*, for appellant.

*Isaac Baldwin*, for appellees.

O'Connell v. Cotter.

SEEVERS, CH. J.—I. The petition described the note and mortgage in the usual and proper manner, and asked judgment for the amount due on the note, but did not ask a foreclosure of the mortgage.

The notice, which was duly served on the defendants, notified them that the plaintiff claimed a certain sum of money 1. JURISDIC- on a promissory note, and the foreclosure of a TION: original mortgage, and unless they appeared and defended notice: plead- ing. a judgment would be rendered in accordance with the "*prayer of the petition*." That portion of the judgment foreclosing the mortgage was erroneous. The relief granted should not have exceeded that asked in the petition. Code, Sec. 2855. But, as the court had jurisdiction of the subject matter and of the defendants, no part of the judgment was void; it was voidable only. It follows that so much of the judgment of the Circuit Court as set aside the decree of foreclosure is correct.

II. The judgment for the amount due on the note, and foreclosing the mortgage, was rendered at the April term, 2. ——: spe- 1874, a special execution issued, and the property cial execu- tion: judicial advertised for sale by virtue thereof. The defend- sale. ants selected an appraiser and the property was appraised and sold by the sheriff, on the 2nd day of June, 1874, to Henry Gerhard, to whom a "certificate of sale, in due form of law," was given. At the September term, 1874, of the Circuit Court, a motion was filed by defendants to " set aside the default and vacate the judgment, in so far as the same relates to the foreclosure of the mortgage." On the 12th day of April, 1875, the defendants paid the clerk a sum of money " as tender of the payment in full of principal and interest on the note sued, to date; also, in full payment of all costs prior to April 14th, 1874;" and, on the 26th day of April, 1875, notice of the pendency of said motion was served on the plaintiffs and Gerhard.

The validity of the judgment, except that portion foreclosing the mortgage, is not assailed; there was, therefore, a valid and existing judgment, which became a lien on the premises, as we must presume, from its date. Had there been

no foreclosure, a general execution might have issued and the premises been sold. We are unable to say the fact that the sale took place under and by virtue of a special execution, vitiated the sale. There was a judgment and execution, wrong as a matter of form only, and a sale. The fact that the execution was special in no manner prejudiced the defendants. Besides this, we incline strongly to the opinion that the selection of an appraiser by the defendants estopped them from objecting to the form of the execution, or power under which the sale was made. We are not called upon to determine whether the title of the purchaser relates back to the date of the mortgage or not. What we do hold is, that the sale was valid, and that the Circuit Court erred in setting it aside.

III. Before the motion to set aside the judgment and sale had been determined, and in April, 1875, the plaintiff filed a 3. PRACTICE: motion asking leave to amend the petition by adamendment: when made. ding to the prayer thereof the following: "And for a decree of foreclosure of said mortgage." In support of this motion an affidavit was filed, showing that plaintiff's attorney had no knowledge of the defect in the petition until two days previous to the filing of the motion.

Our attention has not been called to any case in this State where an amendment of the pleadings has been allowed after the trial, for the purpose of sustaining the judgment. A liberal rule, however, as to amendments, has been adopted. *Seevers v. Hamilton*, 11 Iowa, 66; *Pride v. Wormwood*, 21 Id., 227; *Hinkle v. Davenport*, 38 Id., 355, and numerous other cases. We believe the practice is quite common to allow amendments after verdict and before judgment, for the purpose of conforming the pleadings to the proof. That such amendments are contemplated by the Code is very clear. Secs. 2686, 2689–2842, 2843. Sec. 2689, is as follows: "The court may, on motion of either party, at *any time*, in the furtherance of justice and on such terms as may be proper, permit such party to amend *any* pleading or proceedings by adding or striking out the name of a party, or by correcting a mistake in *any* other respect, or by inserting other allegations material to the case, or where the amendment does not change

substantially the claim or defense by conforming the pleading or proceedings to the facts proved."

The fact that the mortgage was properly described in the petition, and a copy attached thereto, and that the notice stated a foreclosure of the same was asked, very conclusively shows the omission of a prayer asking a foreclosure was a mistake of the pleader.

Sec. 137, of the Ohio Code, is substantially identical with the section of our Code above quoted; the only difference being that the Ohio Code provides that the amendment may be made "*before or after judgment*," and that of this State at "*any time*," the latter being fully as broad as the former.

In *Doty et al. v. Regour & Co.*, 9 Ohio St., 526, the facts were that the defendants drew a bill of exchange on Butler & Winter, and in case of non-payment authorized a confession of judgment. The plaintiffs filed in the Court of Common Pleas their petition against defendants, averring the facts usual and necessary in an action on such bill of exchange, except that it was described as drawn on Miles & Bartell instead of Butler & Winter. A copy of the bill of exchange was attached to the petition, and a judgment was entered thereon by virtue of the power to confess judgment. Afterwards the defendants filed in the District Court their petition in error to reverse the judgment, because of the misdescription of the bill of exchange in the petition. Afterwards the plaintiffs moved the Court of Common Pleas for leave to amend the petition and judgment, which being granted, the amendments were accordingly made, and an amended or additional transcript from the Court of Common Pleas, showing the action of that court in allowing said amendments, was filed in the District Court. Thereupon the latter court held the alleged defect in the petition cured by the amendments so allowed and made, and the Supreme Court held that, under the Code of Ohio, the action of both the District and Common Pleas Courts was correct. The opinion of the court is full and elaborate, covers the whole ground, and is a convincing authority against the ruling of the court below.

In the case at bar it was not sought to introduce by the

O'Connell v. Cotter.

proposed amendment a new cause of action, or make a change in any respect, except to make an additional prayer for relief. That it was in the furtherance of justice cannot admit of a doubt, for the defendants made no claim or suggestion 'that there existed any defense whatever to the foreclosure of the mortgage, but contented themselves with claiming and relying on the bare technicality that the petition did not ask for all the relief the plaintiffs were entitled to under the facts stated in the petition.

There is a clear and well settled distinction between an amendment made to remedy an error and one to create or make error. The latter, it might be well said, was not in the furtherance of justice.

An amendment after judgment is within the sound judicial discretion of the court, and no general rule, applicable to all cases, can be laid down, but being a matter of discretion, each case must in a great measure depend upon the particular facts.

Amendments of the pleadings were allowed or recognized after judgment in the following cases: *Gasper v. Adams*, 24 Barb., 288; *Hodge v. Sawyer*, 34 Wis., 397; *Russell v. Turner*, 62 Maine, 496, and authorities cited; all being more or less applicable in the present case. We are, therefore, of the opinion that the Circuit Court erred in refusing to permit the plaintiffs to amend the petition.

REVERSED.