GERRISH v. SEATON ET AL.

1. **Judgment:** WITHOUT NOTICE TO DEFENDANT: SETTING ASIDE: ORIGINAL DEBT BARRED BY STATUTE. A judgment rendered without service of notice, or other process required by law, is void for want of jurisdiction of the court rendering it; and such a judgment will be set aside and enjoined in chancery; but not if the party holding it has a valid claim on which it was rendered, to which there is no defense. But where the cause of action on which the void judgment was rendered was barred by the statute of limitations at the time of the bringing of the action to set aside the judgment, *held* that it was no longer a subsisting claim, and that the judgment should be set aside.

2. ———: ———: ACTION TO SET ASIDE: STATUTE OF LIMITATIONS. The statute of limitations does not begin to run against a right of action to set aside a judgment rendered without notice to the party until such party discovers the fact of its rendition; (Code, § 2530;) and the action may be brought at any time within five years after such discovery. (Code, § 2529, par. 4.)

*Appeal from Linn District Court*—HON. JAMES D. GIFFEN, Judge.

WEDNESDAY, OCTOBER 19.

THIS is an action by which the plaintiff seeks to enjoin the

collection of a judgment against him, which he alleges to be void. There was a decree in the court below for the plaintiff, and defendants appeal.

*E. C. Preston* and *Chas. A. Clark*, for appellants.

*Blake & Hormel*, for appellee.

ROTHROCK, J.—I. It appears from the evidence in the case that on the 24th day of February, 1869, the plaintiff and one Gleason executed a promissory note to the defendant Hunt for $652, payable in twelve months, with interest at the rate of 10 per cent per annum. An action was brought upon said note by Hunt in the Linn district court, in which action both the plaintiff and Gleason were named as defendants. A formal judgment was rendered against both the plaintiff and Gleason, in April, 1870, for the amount of the note, with interest and costs. The plaintiff, Gerrish, never was served with notice of the action, and never had any knowledge of the same until some time in the year 1882, when he learned that a formal judgment had been rendered against him. Since the making of said note the plaintiff, Gerrish, has been continuously an actual resident of this state. The plaintiff demands that the judgment be canceled as being rendered without jurisdiction, and therefore void.

**1. JUDGMENT: without notice to defendant: setting aside: original debt barred by statute.**

The foregoing are the material facts in the case, upon which the court found the rights of the parties to be as follows: "I find, then, as matter of law, that said judgment is null and void, and that in this action the defendant would not be entitled to a judgment for any amount against the plaintiff, the note being barred, and nothing being admitted as now due; and that plaintiff is therefore entitled to a decree herein as prayed, at cost of defendants. Decree and judgment will therefore be entered accordingly, as of last day of March term of said court in favor of plaintiff."

The cause has once before been in this court on a demurrer to the petition. (See 66 Iowa, 682.) It was there held that the petition presented a good cause of action, and that the

demurrer was erroneously sustained. We there said that "a judgment rendered without service of notice or other process required by law is void for want of jurisdiction in the court rendering it. This familiar rule of the law need not be supported by a citation of authorities. Such a judgment will be set aside and process enjoined thereon by chancery. But this relief will not be granted if the party holding such void judgment has a valid claim whereon it was rendered, to which there is no defense."

It appears to us that the above quotation from the former opinion disposes of the present appeal. It is true that it appeared from the evidence upon the trial that Gerrish, the plaintiff, executed the note, and that he had never paid it. The evidence does not show whether or not it has been paid by Gleason. Perhaps, as the judgment appears to be unpaid, and an execution has been issued thereon, it should be presumed that it has not been paid. But we do not think this is a controlling fact in the case. The facts show that Gerrish has a good defense to the note. It has long since been barred by the statute of limitations. As the judgment is absolutely void for want of jurisdiction of the person of Gerrish, he cannot be placed in any worse position than he would have been if no judgment had been rendered against him; and if an action were now commenced upon the note he has a complete defense thereto. The judgment was properly set aside and vacated, not because he has a good defense to the judgment, but because the claim upon which it is founded is not now a valid claim against him, and he has the right to be placed in the same position with reference to the claim that he would have if no suit had ever been commenced upon it.

II. It is claimed by appellants that this action to cancel the judgment and enjoin its collection is barred by the statute of limitations. It is provided by section

2. ——: ——: action to set aside: statute of limitations. 2530 of the Code that, "in actions for relief on the ground of fraud or mistake, * * * the cause of action shall not be deemed to have accrued until

the fraud, mistake or trespass complained of shall have been discovered by the party aggrieved."

This action is grounded upon a mistake in taking a judgment against a party without having personal jurisdiction of him, and, as the plaintiff did not discover the mistake until the year 1882, the statute of limitations did not commence to run until that time, and the action was brought in the month of August, 1884, and within proper time, and under subdivision 4 of section 2529 of the Code.

We think the decree of the district court must be

AFFIRMED.