MRS. C. A. DAVIS, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Railroads: LOSS OF BAGGAGE: LIMITATION ON LIABILITY: AMENDMENTS TO PLEADINGS: EVIDENCE.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

MONDAY, JUNE 1, 1891.

ACTION to recover the value of certain clothing and other property taken from a trunk which the plaintiff checked from Massillon, Ohio, to Knoxville, in this state, having purchased a railroad ticket for transportation between these points by a route including the defendant's railroad. A judgment was rendered upon a verdict for the plaintiff. The defendant appeals.—*Affirmed.*

*T. S. Wright* and *Stone & Gamble,* for appellant.

No appearance for appellee.

BECK, C. J.—I. The plaintiff's original petition is in two counts; the first alleging the purchase of a through ticket from Massillon, Ohio, over the Wheeling & Lake Erie, the Baltimore & Ohio and the Chicago, Rock Island & Pacific railroads, and that the defendant issued to her a check for her trunk, containing the property taken from it, which secured its transportation over the route contemplated by the ticket. This count alleges the delivery of the trunk to the defendant in good condition, and the receipt from the defendant of the check. The second count differs from the first in alleging that the plaintiff paid the defendant for her ticket and delivered to the defendant her trunk, which it accepted, and delivered to her the check. The defendant denies the allegations of the petition, and, as a further defense alleges, that under the conditions of the ticket upon which the plaintiff traveled the liability of the defendant was limited to one hundred dollars for loss of wearing apparel from her trunk. The court instructed the jury in effect that the defendant is liable in this action only in case the property was lost while it was in the possession of the defendant, and that no liability attached to the defendant for loss of property prior to its receipt by the defendant. There was evidence tending to show that when the trunk was received by the defendant at Chicago it was in good condition, and the loss occurred while it was in defendant's possession. The jury found for the plaintiff thereon, and the defendant

moved in arrest of judgment, on the grounds, among others, that the petition does not allege that the trunk, when it came into the possession of the defendant, contained the property alleged to have been lost, nor that the property was lost through the negligence of the defendant, its servants or agents, while the trunk was in transportation on the defendant's road. Therefore, the plaintiff, with leave of the court, amended her petition, supplying allegations, the absence of which are the grounds of the motion in arrest just stated. The court overruled a motion to strike this amendment on the ground, among others, that it was not filed in time, but after the verdict. This motion was overruled.

II. The instructions of the court to the jury to the effect that the defendant is not liable for loss happening before the trunk came into its hands are not in harmony with rulings of this court. See *Beard v. St. Louis, A & T. Ry. Co.*, 79 Iowa, 528; *Peterson v. Chicago, R. I. & P. Ry. Co.*, 80 Iowa, 92. But the instruction given the jury is the law of the case, which the jury was required to obey, and the court to consistently follow. Under the rules of these instructions the verdict cannot be sustained, for it was not supported by allegations of the petition showing liability under the rules of the instructions.

Upon the issues as to the condition of the trunk when it was received by the defendant at Chicago, and consequently as to the fault and negligence of the defendant and its employes, though not raised by the pleadings, there was evidence introduced by both parties. Indeed, it was contested as though it had been raised in the pleadings. It is a case where the evidence does not conform to the pleadings,—where there is a variance between the pleadings and the proof. Sections 2686, 2689 of the Code provide that in such case the pleadings at any time may be amended in furtherance of justice, in conformity with the proof. Such amendments may be after the verdict and judgment. *Thompson v. Wilson*, 26 Iowa, 120; *Smith v. Howard*, 28 Iowa, 51; *Tegler v. Shipman*, 33 Iowa, 195. Amendments may be made after judgment. *O'Connell v. Cotter*, 44 Iowa, 48. Amendments are allowed with liberality. "The rule is to allow them; to refuse them, the exception." *Pride v. Wormwood*, 27 Iowa, 257; *Hinkle v. Davenport*, 38 Iowa, 355; *Miller v. Perry*, 38 Iowa, 301. Many other decisions of this court, substantially to the same effect, could be cited. *Eikenberry v. Edwards*, 67 Iowa, 14, cited by the defendant's counsel, is not in conflict with the doctrines we have just announced. The amendment in that case was held not to be allowable, because it presented issues upon which the parties had not been heard. In our opinion, the amendment was rightly permitted by the district court.

III. An instruction complained of by the defendant, to the effect that the limitation of the liability of the defendant authorizing recovery for wearing apparel to the extent of one hundred dollars, and no more, is not effective, is correct. Such limitation is invalid under the statutes of this state. Code, secs. 1308, 2184. The contract under which the trunk was transported was made in Ohio, to be performed in this state. It is not shown that the statutes of Ohio are different from the statutes of this state pertaining to this subject. In the absence of such evi-

dence, we are required to presume that they are to the same purport and effect as our own statutes. *Hadley v. Gregory,* 57 Iowa, 157; *Neese v. Farmers' Ins. Co.,* 55 Iowa, 604; *Church v. Crossman,* 49 Iowa, 444; *Leiber v. Union Pac. Ry. Co.,* 49 Iowa, 688; *Stephens v. Williams,* 46 Iowa, 540; *Sayre v. Wheeler,* 32 Iowa, 559; 31 Iowa, 112; *Crafts v. Clark,* 31 Iowa, 77; 38 Iowa, 237; *Bean v. Briggs,* 4 Iowa, 464.

IV. A witness testified that the plaintiff had, about two years before the loss of the property, four watches. She disposed of two, and retained two, one being lost from the trunk. On cross-examination a witness was asked to state the differences between the watch lost and the other watches. An objection to the question was rightly sustained. We discover no useful purpose in pursuing such an inquiry. Counsel insists that a description of the lost watch, obtained by comparison with the others, may have so identified it as to show that the plaintiff still had it in her possession. No such claim was made upon the offer of evidence, and we cannot think that a description of the watches was intended in the roundabout and indirect way of showing their differences.

V. The same witness was asked to describe the condition of the trunk when he first saw it at the plaintiff's home, after her return. An objection to this evidence was overruled. Counsel now insist that it ought not to have been admitted, as it did not seem to show the condition of the trunk when the plaintiff received it from the defendant at its depot. But the object of the evidence was to show that the trunk was opened by breaking the lock and fastening. We think the evidence competent for that purpose.

VI. One or two other objections to rulings on the evidence are urged upon our attention. We discover no error in them, and think they demand no further notice. The evidence, while conflicting, sufficiently supported the verdict. Surely it did not so fail to support the verdict as to require us to interfere.

We reach the conclusion that the judgment of the district court ought to be AFFIRMED.