J. W. JAMISON, Appellee, v. D. WEAVER, Appellant, and W. A. HOGAN, Sheriff, Appellee.

1. **Judgment:** VACATION OF: SERVICE OF NOTICE: EVIDENCE. In an action to cancel a judgment by default for want of service of original notice, the judgment defendant testified that no notice of the action was served upon him, and that he had no notice of such a case, or of judgment being rendered against him until execution was issued therein, more than sixteen years after said judgment. There was no

evidence of the service of any notice either in the files or in the appearance docket, save upon another defendant, and this accorded with the entries in the sheriff's day book, in which he entered all process received for service, and his action thereon. *Held,* that this evidence was sufficient to overcome the recital of due and legal service of notice in the judgment entry, and the positive testimony of the plaintiff's attorney in said cause, that at the date of said judgment there was an original notice in the case with the files, showing a return of service upon said defendant by one C, then sheriff of the county.

2. ———: ———. The claim upon which said judgment was based, being now barred by the statute of limitations, and, therefore, subject to a complete defense, *held,* that the plaintiff herein was entitled to a decree canceling the judgment.

4. ———: ———: STATUTE OF LIMITATIONS. The statute of limitations does not begin to run against an action for relief on the ground of mistake in the entry of a judgement, without jurisdiction, until the mistake is discovered.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

MONDAY, FEBRUARY 8, 1892.

ACTION in equity to enjoin the collection of, and to cancel, a judgment entered on an account in the circuit court of Jones county, Iowa, against this plaintiff, on default of appearance, at the March term, 1873, in a case wherein H. G. Beel & Co. were plaintiffs, and W. H. Ireland and this plaintiff were defendants, of which judgment the appellant Weaver is the assignee. A decree was entered for the plaintiff, from which the defendant Weaver appeals. *Affirmed.*

*Remley & Eranbrack,* for appellant.

*Sheean & McCarn,* for appellee.

GIVEN, J.—I. The ground upon which the appellee demands that the judgment in question be canceled is

1. JUDGMENT: vacation of: service of notice: evidence.

that no notice was served upon him of the pendency of the action, wherefore he claims that the judgment is absolutely

void. The judgment entry recites due and legal service of notice, and default for want of appearance. There is no question, therefore, of waiver of notice by appearance or otherwise, but the question is whether notice was served on the appellee. The law is well established that without service of notice or appearance the court had no jurisdiction of the person, and therefore no right to enter the personal judgment, and that such judgment without notice is void. *Gerrish v. Hunt*, 66 Iowa, 682; *Gerrish v. Seaton*, 73 Iowa, 15. The finding of the court that the appellee was duly served with notice must be presumed to be correct, in the absence of evidence to the contrary, and the burden is upon the appellee to show that no notice was served. *Bradley v. Jamison*, 46 Iowa, 68; *Toliver v. Morgan*, 75 Iowa, 619. In a direct proceeding to set aside a judgment, it may be shown that the court had no jurisdiction of the person of the defendant, notwithstanding the recitals of the judgment to the contrary. *Newcomb v. Dewey*, 27 Iowa, 381; *Stone v. Skerry*, 31 Iowa, 582.

The record shows an original notice addressed to both defendants, with a return of service on the defendant Ireland, and that judgment was entered on default against Ireland, April 16, 1872, and an order for the sale of his property that had been attached; that the case was continued from term to term until March 3, 1873, when the judgment in question was rendered against the appellee. The deputy clerk testifies that, upon search of his office, he fails to find any other original notice in the case than the one already mentioned. The appearance docket shows this notice and the service on Ireland, but does not show any other notice in the case, or that any notice was served upon the appellee. There is nothing appearing of record to sustain the finding that the appellee was duly served with notice. The judge's calendar contains the following entry: "Default of J. W. Jamison. Judgment against him on account," etc. The sheriff's day-book,

in which he entered all processes received for service, and his action thereon, does not show that any notice in that case was received other than the one mentioned, nor that any notice was served upon the appellee. The appellee testifies with much positiveness that no notice in the case was served upon him, and that he had no knowledge of such a case, or of judgment being against him until execution was issued in October, 1889. Milton Remley, who appeared as attorney for Beel & Co., and took the judgment, testifies with equal positiveness that there was then an original notice in the case with the files, with a return of service upon appellee by O. B. Crane, sheriff of Jones county. Each of these witnesses stated circumstances somewhat corroborative of their recollections, some of which circumstances are questioned in the proof. To here discuss these circumstances would assume space unnecessarily. It is sufficient to say that they indicate liability to mistake on the part of both witnesses. Both were practicing attorneys in that court, interested in numerous cases then pending; so that, after the lapse of these many years, either might apply facts and circumstances pertaining to other cases to this one. The question is made as to the admissibility of the entry on the judge's calendar. It is not part of the record, and can only be available as a mere memorandum. It only shows default and judgment against Jamison, the same as appears in the judgment entry. It does not aid in determining the question of service of notice. There is no evidence whatever that notice was served upon the appellee, except the recitation in the judgment and the recollection of Mr. Remley. These, we think, are more than overcome by the absence of evidence of notice in the appearance docket and files, and the testimony of the appellee.

II. In *Gerrish v. Seaton*, 66 and 73 Iowa, it is said that "a judgment rendered without service of notice or

2. —: —.

other process required by law is void for want of jurisdiction in the court rendering it. This familiar rule of law need not be supported by a citation of authorities. Such a judgment will be set aside, and process enjoined thereon by chancery. But this relief will not be granted if the party holding such void judgment has a valid claim whereon it was rendered, to which there is no defense." The judgment in question was rendered on an account for goods sold and delivered in 1871 and 1872, which account has long since been barred by the statute of limitations, and is not now a valid claim against the appellee. The judgment being void for want of jurisdiction in the court rendering it, and the account not now a valid claim, and subject to a complete defense, the appellee is entitled to have the judgment canceled.

III. The appellant claims that this action is barred. It is an action for relief on the ground of mistake in

3. —: —: statute of limitations.

entering the judgment without jurisdiction, and the cause of action did not accrue until the mistake was discovered. Code, sec. 2530. The appellant relies upon certain circumstances as showing that the appellee knew of the judgment at the time, or soon after it was rendered. The appellee positively denies any such knowledge until the issuing of the execution now in the hands of the defendant Hogan, the sheriff, and which has been enjoined in this action. The circumstances relied upon do not overcome this positive statement, and the weight of the evidence is in favor of the conclusion that the appellee did not discover this mistake until shortly before the commencement of this action. From the whole record we reach the conclusion that the decree of the district court should be AFFIRMED.