HORACE L. SQUIRES v. R. T. JEFFREY, Sheriff, W. A. McLAGAN, and THOS. F. BARBEE, Appellants.

**Want of Original Notice.** A judgment was rendered in 1873, against plaintiff and C, in favor of M, by a justice, and a transcript was filed in the county clerk's office. No effort was made to collect it for more than twenty-one years, though during much of the time plaintiff had property in the county, subject to execution. Plaintiff and C testified that they had no notice of the action, and knew nothing of it until 1895. M testified that he was not aware of the judgment until about two years before the trial. The original notice was supposed to have been burned, and the justice had no recollection of the return of service. *H-ld,* that the conclusion that no notice was served was justified.

**Appeal: AMENDMENT AFTER JUDGMENT BELOW.** An amendment to the petition filed by leave of court after the decree is entered, forms a part of the record.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, APRIL 10, 1897.

JUDGMENT was rendered in justice court December 15, 1873, in favor of M. D. Madden against the plaintiff and Elijah H. Cole, and a transcript thereof filed with the clerk of the circuit court May 1, 1876. It was assigned to Thomas F. Barbee, January 22, 1895, and by him to W. A. McLagan. Execution issued and was levied on land of the plaintiff, and this action is brought to restrain the sale thereof, and to enjoin the collection of and to cancel the judgment. There was a decree for the plaintiff, and defendants appeal.—*Affirmed.*

*F. M. Davenport* for appellants.

*Geo. W. Paine* for appellee.

LADD, J.—Two days after the decree was entered, the plaintiff filed an amendment to his petition. This was by leave of court, as the amendment so recites, and the court afterwards refused to strike it from the files. There is no showing to the contrary. The appellant asks that it be stricken from the abstract, because not a part of the record. An amendment may be allowed after judgment is rendered. *O'Connell v. Cotter*, 44 Iowa, 48. Whether the court should permit an amendment at such a time is largely within its discretion; and, if it does so, such amendment becomes a part of the record. As this motion only questions that fact, it must be overruled.

II. The plaintiff and Cole testify they had no notice of the beginning of the action wherein judgment was rendered, and knew nothing of it until 1895.

No effort was made to collect the judgment for more than twenty-one years, although during much of that time plaintiff had property subject to execution and levy in the county where judgment rendered. This is, in part, explained by the removal and subsequent death of the attorney who is believed to have procured it. Madden in his deposition, says he knew he had judgments in Carroll county, but was not aware of this one until about two years before the trial. The justice had no recollection of the return of the service, but knew, of course, that he only rendered valid judgments. The original notice is supposed to have been burned. On the showing made, we think the conclusion that no notice was served is amply supported by the evidence.

III. The plaintiff and Cole also state they were never indebted to Madden. If they were so indebted, Madden has forgotten it. In any event, the statute of limitations has run against the claim, if any he had. *Jamison v. Weaver*, 84 Iowa, 611 (51 N. W. Rep. 65). The decree was right, and must be AFFIRMED.