N. Arthur Weidert, appellee, v. Monahan Post Legionnaire
Club, Inc., cross-petitioner, appellee; Al. W. Mullen,
defendant to cross-petition, appellant.

No. 47984.

(Reported in 51 N.W.2d 400)

FEBRUARY 5, 1952.

REHEARING DENIED APRIL 4, 1952.

Free, Berry & Free, of Sioux City, for appellant.

Corbett & Corbett, of Sioux City, for appellee N. Arthur Weidert.

Whicher & Davis, of Sioux City, for cross-petitioner-appellee Monahan Post Legionnaire Club, Inc.

WENNERSTRUM, J.—The plaintiff, a merchant and the tenant on the first floor of a building in Sioux City, sought a judgment against the Monahan Post Legionnaire Club, Inc., the tenant of the second and third floors, by reason of damage to a stock of merchandise owned by plaintiff. This loss was alleged to have been caused by water leaking from the third-floor quarters of the legionnaire club. This defendant filed a cross-petition against Al. W. Mullen, a plumber whom the club had employed to clean out the water heater on the third floor. This work was

completed an hour or two before a leak developed at a gasket
installed by his employees. A jury trial was waived and upon
final submission the trial court entered a judgment in favor of
the plaintiff and against the legionnaire club and, in turn, gave
a judgment in favor of the legionnaire club and against Al. W.
Mullen, the defendant to the cross-petition. The trial court, over
objections, allowed the legionnaire club to amend its pleadings
after judgment for the purpose of setting up an allegation of
freedom from contributory negligence. From the judgment en-
tered, the defendant Al. W. Mullen has appealed. The defendant
and cross-petitioner, Monahan Post Legionnaire Club, Inc., did
not appeal.

The appellee, Weidert, operates a clothing store on the first
or ground floor of the building wherein the incidents hereinafter
mentioned developed. The entire second and third floors of this
building are occupied by the legionnaire club. Sometime during
1947 Mullen, the appellant in this action, installed for the club
a booster type of hot-water heater on the third floor of the build-
ing. He had looked after it from time to time as necessity de-
veloped and on one previous occasion had delimed it. On Septem-
ber 16, 1949, at the request of a representative of the legionnaire
club, Mullen, through his employees, again removed the lime from
the heater through an opening in the front of it. It is shown in
doing this deliming of the heater a plate and gasket were removed
and thereafter replaced. This work was commenced late in the
afternoon and after the kitchen employees of the club, who have
occasion to use hot water from the heater, had left. It is shown
that the employees of Mullen, the plumber, after replacing the
plate and gasket at the opening, then waited about two hours
for the water to heat up. They departed between 7:30 and 8:30
p. m. It is the claim of the legionnaire club that one of its em-
ployees locked the doors to the third floor after the plumbers
left and that no one had gone to that floor after their departure.
However, within approximately an hour or an hour and a half
after the employees of the plumber had left and the door to the
third floor had been locked, an employee of the legionnaire club
discovered water on the second floor which had been flowing down
from the third floor. This water later leaked on down to the first
floor and damaged the property of Weidert, one of the appellees

in this court. Upon discovery of the water leaking to the second floor the plumber was called and the leak was stopped.

. The issues presented on this appeal are whether or not the cross-petition stated a good cause of action inasmuch as it is claimed that neither specific acts of negligence nor freedom from contributory negligence was alleged; also whether or not the doctrine of res ipsa loquitur applied and whether any acts of negligence were proved against the appellant, the plumber, or his employees. During the trial a motion to dismiss and a motion to·make more specific and to strike certain allegations of the cross-petition were overruled. Motions for directed verdict and for judgment notwithstanding the verdict were presented by the appellant and were also overruled.

The appellant questions the correctness of the rulings on all of the motions presented and particularly contends that the trial court did not place a correct interpretation on certain undisputed facts and claims there was not substantial evidence to support the court's findings. Complaint is also made of the claimed error in permitting the legionnaire club to file an amendment to its cross-petition after judgment had been entered and wherein freedom from contributory negligence was alleged. It is the complaint of the appellant, the plumber, that the doctrine of res ipsa loquitur did not apply in that he had completed his work and had left the premises prior to the leak in the water heater. It is his claim that lime had formed in the safety valve or nipple and thus prevented any overflow from the heater. He maintains that his deliming work did not include any attention to the safety valve and because of lack of care to it on the part of the legionnaire club the pressure became too great in the heater causing the leak to develop. It was also claimed that no drain had been installed underneath the heater.

I. Inasmuch as the cross-petitioner eventually pleaded freedom from contributory negligence, we shall not pass upon the question of the necessity of such an allegation being in its initial cross-petition. Our particular concern pertains to the filing of the amendment to the cross-petition wherein an allegation of freedom from contributory negligence is made after the filing of the trial court's judgment, findings of facts and conclusions of law. The appellant asserts that error was committed in per-

mitting the filing of the amendment at the time it did. We hold that reversible error was not made by the trial court by reason of this ruling.

In the early case of O'Connell v. Cotter, 44 Iowa 48, 50, 52, this court announced the holding that a liberal rule relative to an amendment to a pleading had been adopted. It was therein stated:

"There is a clear and well settled distinction between an amendment made to remedy an error and one to create or make error. The latter, it might be well said, was not in the furtherance of justice.

"An amendment after judgment is within the sound judicial discretion of the court, and no general rule, applicable to all cases, can be laid down, but being a matter of discretion, each case must in a great measure depend upon the particular facts."

See also Jamison v. Myrtle Lodge, 158 Iowa 264, 273, 139 N.W. 547; Smith v. Howard, 28 Iowa 51, 53; Correll v. Glasscock, 26 Iowa 83; Davis v. Chicago, R. I. & P. Ry. Co., 83 Iowa 744, 745, 49 N.W. 77; Squires v. Jeffrey, 101 Iowa 676, 677, 70 N.W. 730.

Under a Code section (2689) in the 1873 Code which permitted a party to amend his pleadings at any time, it was held that an amendment to a pleading would be permitted after judgment in order to conform a pleading to the proceedings but not where it sets up new claims or issues. Bicklin, Winzer & Co. v. Kendall, 72 Iowa 490, 493, 34 N.W. 283.

Under Rule 88, R. C. P., it is provided that: "The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense."

Rule 249, R. C. P., which relates to issues tried by consent and subsequent amendments, is as follows: "In deciding motions under rule 243 [Judgment notwithstanding verdict] or 244 [New trial], the court shall treat issues actually tried by express or implied consent of the parties but not embraced in the pleadings, as though they had been pleaded. Either party may then amend to conform his pleadings to such issues and the evidence upon

them; but failure so to amend shall not affect the result of the trial."

In connection with our consideration of rules 88 and 249 and the issue relative to the amendment to the pleading, it should be kept in mind that it was pleaded in the cross-petition that the repair work and the resulting flooding was caused by the plumber, Al. W. Mullen, or his employees and that such work was under his exclusive care and control. The appellant sought to show that employees of the cross-petitioner might have been on the third floor and changed the controls after the plumbers left.

In Wilson v. Corbin, 241 Iowa 593, 605, 606, 41 N.W.2d 702, 709, in commenting upon a similar issue pertaining to the failure to plead freedom from contributory negligence, we stated: "Where parties proceed without objection to try an issue, even though not presented by the pleadings, it amounts to consent to try such issue and it is then rightfully in the case." (Citing cases.)

Under the situation as presented we hold that the overruling of the several motions relative to the issue of contributory negligence as initially presented was not erroneous and that the permitting of the amendment to the cross-petition after the judgment, under the circumstances, was proper and in the furtherance of justice. See also 41 Am. Jur., Pleading, section 310, page 506; 65 C. J. S., Negligence, section 194g, page 919.

██ II. The trial court found that the exclusive control and management of the heater in question, as between the plaintiff-appellee and the Monahan Post Legionnaire Club, Inc., at all times material to this litigation was in said legionnaire club. However, it is further held that as between the legionnaire club and the appellant, under the allegations of the cross-petition and the evidence presented, the heater was under the appellant's exclusive control and management at all times material to this litigation.

The court further found and held that the evidence presented supports the invoking of the doctrine of res ipsa loquitur and that by reason of said doctrine an inference was thereby permitted to the effect that the escape of the water from the heater was caused by the negligence of the employees of the

appellant, Mullen, in replacing the plate and gasket in the front of it.

In the case of Peterson v. Minnesota Power & Light Co., 207 Minn. 387, 390, 391, 291 N.W. 705, 707, the fact situation is somewhat similar to that presented in the instant case. It was therein shown that the light company had installed an electric stove in the plaintiffs' home; that approximately two weeks after its installation the wife of the household, one of the plaintiffs, was in the act of removing some rolls from the oven and as she turned off the oven switch a charge of electricity flared before her face and she was thereby injured. Upon the trial of the case the doctrine of res ipsa loquitur was sought to be applied and in discussing this issue the Minnesota court stated:

"One essential prerequisite to the application of res ipsa loquitur is that defendant must have exclusive control of the instrumentality causing the harm. 4 Dunnell, Minn. Dig. (2 Ed. & Supps.) §7044, p. 1121. From this fact reason permits the inference that it must have been defendant who was negligent for fault cannot be traced to any other party. Manifestly the mere occurrence of the event without control by defendant would not justify the conclusion that it was the one responsible.

"Control 'is not necessarily a control exercised at the time of the injury, but may be one exercised at the time of the negligent act which subsequently resulted in an injury.' 3 Cooley, Torts (4th Ed.) §480, p. 386. * * *

"It must therefore be decided whether the record justifies the conclusion that defendant had sufficient control of the mechanism to permit application of res ipsa loquitur. After installation, the jury could find that the instrumentality was never improperly used, touched, or interfered with in any way. The control that defendant exercised carried over to the time of the occurrence of the injury. If there was any defect it must have existed at the time the stove was turned over or developed as the result of defendant's default. * * *

"We are not unmindful that res ipsa loquitur cannot apply where there is divided control. While the situation here presents a borderline case, we think that there was sufficient control over the mechanism to justify the application of res ipsa loquitur. This doctrine is essentially one of evidence rather than of tort

law. Whether it should apply is 'largely a question of how justice in such cases is most practically and fairly administered.' Kleinman v. Banner Laundry Co., 150 Minn. 515, 518, 186 N.W. 123, 124, 23 A. L. R. 479. Defendant had the superior knowledge and the power and duty to exercise competence and care in the supplying of the stove. * * * Clearly, citation is not necessary to establish that one who supplies an instrumentality which is dangerous if defective must respond to those injured if he negligently furnishes one that is unsafe or capable of becoming so within a short period of normal use. Inference that defendant did supply such a dangerous instrument was permissible under the doctrine of res ipsa loquitur."

As bearing upon the holding here announced see Sutcliffe v. Fort Dodge Gas & Elec. Co., 218 Iowa 1386, 257 N.W. 406, also 65 C. J. S., Negligence, section 220(8), page 1018.

And so in the instant case we have concluded that the trial court, acting as a jury, was justified under the evidence in finding that the plumber, acting through his employees, was in control of the heater at all times material to this litigation. We have also concluded that under the evidence the trial court was justified in drawing the inference that it must have been the appellant's employees who were negligent in the work they performed in replacing the plate and gasket in the front of the heater and that the court properly applied the doctrine of res ipsa loquitur. This is particularly true when it is considered that under the evidence the court found, as it evidently did, that no employee of the legionnaire club was on the third floor and changed the thermostat gauge on the heater.

The appellant contends that the case of Pierce v. Gruben, 237 Iowa 329, 347, 21 N.W.2d 881, 889, 19 N. C. C. A., N. S., 73, 86, is controlling in this case. Our holding in that case is sound under the facts there shown but the evidence there presented is not at all similar to the evidence in the instant case. It is true in that case which pertains to the claimed negligent placing of a monument that we stated:

"After the completion of the work, which would be a matter of but a few hours at the most, the defendants had nothing more to do with the stone, and no further care, control, user, or supervision over it, and had no duty or obligation concerning it."

This statement was made in connection with a subsequent comment to the effect that it was in the same condition on September 12, 1941 just before the accident happened as when erected in October 1935. Then, too, it is definitely shown that plaintiff in that case apparently pulled the monument over on herself. It is our judgment the cited case is not at all in point. It held that the doctrine of res ipsa loquitur was not applicable to the facts presented. However, we have an entirely different situation in the case now before us for review.

III. The appellant, in connection with the issues previously stated, claims that the trial court committed error in finding that he was a codefendant with the legionnaire club to Weidert's alleged cause of action, and furthermore he contends there is no substantial evidence whatsoever to support the trial court's finding that the escaping water from the heater resulted from negligence on the part of Mullen or his employees.

We have concluded that there is no justification for holding that Mullen could not be held liable by means of the cross-petition of the legionnaire club for any judgment imposed on the club. We feel that our recent holding in Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 1143, 49 N.W.2d 501, 506, is applicable to and determinative of this question raised by the appellant. We therein stated:

"One who is liable only by reason of a duty imposed by law for the consequences of another's negligence may recover over against the active perpetrator of the wrong. So a servant is liable to his master who is not at fault for damages the latter is compelled to pay a third person because of the servant's negligence. Hobbs v. Illinois Cent. R. Co., 171 Iowa 624, 628, 152 N.W. 40, L. R. A. 1917E, 1023; Northern Pac. Ry. Co. v. Minnesota Transfer Ry. Co., 219 Minn. 8, 16 N.W.2d 894, 896; Denver-Chicago Trucking Co. v. Lindeman, D. C. Iowa (Judge Graven), 73 F. Supp. 925, 935; Darman v. Zilch, 56 R. I. 413, 186 A. 21, 110 A. L. R. 826, 828, and annotation 831, 834 (owner, riding with his chauffeur, held entitled to recover from him for his negligence. Held also there was no joint venture); Restatement, Restitution, section 96, and comment a; 4 Shearman and Redfield on Negligence, Rev. Ed., section 894.

"Indemnity is also frequently allowed a party guilty of passive negligence against one guilty of active or positive negligence. See The Chicago & N.W. Ry. Co. v. Dunn, 59 Iowa 619, 13 N.W. 722; 42 C. J. S., Indemnity, section 27b, page 608.

"It is broadly stated that 'where one is compelled to pay money which in justice another ought to pay * * * the former may recover from the latter the sums so paid, unless the one making the payment is barred by the wrongful nature of his conduct.' 42 C. J. S., Indemnity, section 20; Ruby Lbr. Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A. L. R. 1215, 1217."

IV. This case was tried, as heretofore stated, to the trial court without the aid of a jury. When there is sufficient evidence, as we think there is in this case, which would have justified the court in submitting the case to a jury if there had been one, we will not interfere with the judgment entered upon mere fact questions. We hold that the trial court was correct in entering the judgment it did, in overruling the appellant's motion to direct a verdict in his favor, and likewise in overruling his motion for judgment notwithstanding the judgment previously entered.

We therefore affirm.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.