## CONRAD & CO. *v.* BALDWIN.

Where the clerk of a district court certified that certain papers which *preceded* his certificate, was a true, *perfect*, and *complete* transcript of the proceedings in the cause, among which papers, was one purporting to be a bill of exceptions, which was in no manner certified to be a part of the record, contained nothing more than the title of the cause, and the signature of the judge, to connect it with the cause, and did not appear to have been filed in court; *Held*, That the Supreme Court could not treat the paper as a part of the record.

Where a record presents conflicting dates as to any fact in a cause, being governed by one of which, the appellate court would find error, while by the other there would be no error, that court will be guided by that which will sustain the judgment below.

Where it appeared from the record as certified, that on the 8th of April, 1856, the defendant filed his answer, and leave was given to file a replication, and where pleas of *nul tiel record* and former recovery, were found in the transcript, but the date of their filing was not shown; and where on the 15th of the same month, there was judgment for the plaintiff on the *first* plea, and leave given to file the second; and where on the 16th, the plaintiff had judgment on the *second* plea, and then, the record states, *an answer was filed;* and where after the judgment on the *first* plea, the plaintiff moved for final judgment, which was overruled; the second plea filed, and the issue on that being decided for the plaintiff, the defendant filed an affidavit for a continuance, which was held to be sufficient, and the cause continued : *Held*, That as the record left it doubtful when the answer was filed, this court would presume it to have been filed on the earliest day named in the record.

### *Appeal from the Pottawatamie District Court.*

THIS suit was brought to recover the balance due on a judgment rendered in the District Court of Wapello county, in this state. The defendant pleaded *nul tiel record*, former recovery, and payment. The questions presented for determination, arise upon these defences. The material facts will be found in the opinion of the court.

*Clark & Henley*, for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—It first becomes material to inquire, whe-

ther a paper appearing in the record, can be treated as a bill of exceptions. The clerk certifies that certain papers, which *precede* his certificate are a true, *perfect*, and *complete* transcript of the proceedings in this cause. After this, we find a paper, purporting to be a bill of exceptions, which is in no manner certified to be a part of the record—does not appear to have been filed in court—and nothing beyond the title of the cause, and the signature of the judge, to connect it with the proceedings in the case. Under such circumstances, we cannot treat it as a part of the record. The case must be decided without reference to it. The record, as certified to us, shows that on the 8th of April, 1856, defendant filed his *answer*, and leave was given to file replication. Pleas of *nul tiel record*, and of former recovery, are also found with the papers, but there is nothing to show when they were filed. On the 15th of the same month, there was judgment for plaintiff on the first plea, and leave was given to file the second. On the next day, the plaintiff had judgment on the second plea, and then the record proceeds to state, *an answer was filed*. After the judgment on the first plea, plaintiff moved for final judgment, which was overruled, and the second plea permitted to be filed, and the issue on that being decided for plaintiffs, defendant filed his affidavit for a continuance, which was held to be sufficient, and the cause continued. Plaintiffs assign for error, the action of the court below, in not rendering final judgment in their favor, in permitting defendant to file his several defences, at the times and the manner above shown, and in granting the continuance. The argument is, that it was the duty of defendant to file all his pleas or defences at the same time, and that he could not, after the issue had been determined against him, or his plea of *nul tiel record*, file other defences, but that on the determination of such plea, plaintiffs were entitled to final judgment. However correct this position may be in a proper case, we think it has no weight under the circumstances here disclosed. The record leaves it doubtful when the defendant's *answer* was filed. At one time stating it to be on the 8th—at another, on the 16th of April. Under

such circumstances, we will presume it to have been filed on the day first named, for on this hypothesis, the action of the court below is clearly correct; and every presumption should be given in favor of such action. When a record presents conflicting dates as to any fact in a case, being governed by one of which, we would find error, while by the other, there would be no error, we should be guided by the one which will sustain the judgment below. Acting upon this rule, then, it appears that defendant *first* filed his answer, which avers payment, and afterwards filed the pleas named. These pleas were first properly disposed of, and thereupon plaintiffs asked for final judgment. This was refused; and on the application of the defendant, the case was continued. To have given judgment for plaintiffs over defendant's answer, and especially, when that was not replied to, would have been clearly erroneous. Had the answer been filed after the decision on the plea, as has been supposed in argument, the question would have been different.

The filing of the second plea, if irregular, can now make no difference. It was disposed of in favor of plaintiffs, but the answer, then on file, still precluded final judgment, as it did when the first plea was decided adverse to defendant. No objection has been pointed out to the affidavit for continuance, and we are unable to see any.

Judgment affirmed.