## RAWSON *v.* GUIBERSON.

A plea to the jurisdiction of the court, or of another action pending, is as proper and legitimate now, as before the Code.

Where a former suit on the same cause of action is dismissed, after the defendant pleads such former suit in abatement, the plea should be sustained.

Where it does not appear from the pleadings or evidence, in a cause in which the defendant pleads in abatement a former action pending, whether the former suit was dismissed *before* or *after* the filing of the plea, and where it appears from the record that the court below sustained the plea in abatement, it will be presumed that the former action was not dismissed until after the plea was pleaded.

Where in an action the defendant pleaded in abatement another action pending in the Warren district court, upon the same promises set forth in the petition, to which the plaintiffs replied, averring *that since the commencement of the present action*, the said plaintiffs had dismissed the suit in defendants' plea mentioned, to which there was no rejoinder; and where it appeared from the record, that the cause was submitted to the court upon the issues, and that it was ordered that the plea in abatement be sustained, and the suit dismissed ; *Held*, That there was no error in the decision of the district court.

Rawson v. Guiberson.

*Appeal from the Polk District Court.*

WEDNESDAY, OCTOBER 13.

This was an action to recover the amount of two promissory notes, made by defendants to plaintiffs. The defendants pleaded in abatement, another action pending in the Warren district court, upon the same promises set forth in the petition in this suit. Replication, denying that there was any such record as that set up and relied upon by defendants in their plea; and further, that the said cause pending in the Warren district court, was withdrawn prior to the commencement of the present action. Defendants rejoined, denying the allegations contained in the replication. Plaintiffs afterwards filed an amended replication, to the effect that since the commencement of the present action, the said plaintiffs had dismissed the suit in defendants' plea mentioned. To this, there was no rejoinder. The cause was submitted to the court upon the issues joined; and "all things touching the same being inspected," it was ordered that the plea in abatement be sustained, and that said cause be dismissed. Plaintiffs appeal.

*J. H. Gray* and *Cole & Jewett,* for the appellants.

*Bates & Phillips,* for the appellees.

WRIGHT, C. J.—Plaintiffs have suggested some objections to the sufficiency of the plea in abatement, which relate more to its form than substance. No such objections were made, however, in the court below, and we will not therefore consider them.

It is also urged, that under the Code all technical forms of actions and pleadings are abolished; that a plea in abatement, is a technical plea; that all pleas must be, in the nature of pleas, in bar; that this was not such, but presented an immaterial issue; and therefore, should have

been overruled.   In this position, we cannot concur.   While all technical forms of actions and pleadings are abolished, (Code, section 1733), it by no means follows that we have abolished all the rules and principles which formerly governed pleadings and trials in common law actions.   *Baltzell* v. *Nosler*, 1 Iowa, 588.   A plea to the jurisdiction, or of another action pending, is as proper and legitimate now as before the Code.   So it is in case of a misnomer, or of the misjoinder or non-joinder of parties.   The consequences to result, when the plea is sustained, under the Code, as compared with the common law practice, presents a different question.   And it is with reference to such consequences, that the Code provides so liberally for amendments.   See sections 1755–60.

It is next insisted, that where two actions are pending, the plaintiff should be driven by rule, or otherwise, to elect upon which he will proceed.   This argument has no place here, for the reasons that plaintiffs, by their replications, aver that the former action was not pending.   And, therefore, without considering the correctness of their position in a proper case, we need only say, that according to their own pleadings, there was no other action pending upon which they could elect to proceed.

But in any event, it is said that plaintiffs were entitled to a trial on the issues, and that the court should not, upon the pleadings alone, have dismissed the case.   This position assumes that the issues made were not tried upon proof made, but upon the pleadings.   Of this, however, there is nothing to satisfy us.   The cause was submitted upon the issues joined, and for anything that appears to the contrary, was heard in the usual manner, upon the respective proofs and allegations of the parties.   It is said that the record attached to the plea, is not full.   There is nothing in the record itself, to rebut the presumption that it is full.   But if there was, this would not prevent the introduction of other proof upon the trial of the issues.

And finally, appellants urge that there was no denial of their amended replication; that it was, therefore, to be ta-

ken as true; and if so, the finding should have been in their favor. What is that replication? An averment that since the commencement of the present action, plaintiffs have dismissed the suit mentioned in defendants' plea. If dismissed before the commencement of the present suit, of course the plea should have been overruled. If dismissed after, and before plea pleaded, the authorities are not uniform as to the effect. When dismissed after plea pleaded, all the cases agree in holding that the plea should be sustained. Taking the amended replication as true, it only appears that the first action was dismissed after this suit was commenced, but whether before or after plea pleaded, is not stated. Upon no fair principle can we presume, that it was before the plea in abatement was filed.

The argument stands thus: The amended replication being undenied, it is to be taken as true. It is true, therefore, that the first action was dismissed after the present one was commenced. But whether dismissed before or after plea pleaded, is not stated. If after, then the order of the court sustaining the plea, was manifestly right. Every presumption is in favor of the action of the district court; that court, after duly inspecting the whole case, having decided adverse to the position of the plaintiffs, we are compelled to conclude from this record, that the fact as presented, justified the position that the first suit was dismissed after plea pleaded. We need not, therefore, determine what would have been the effect, if it appeared that the first action was dismissed before plea filed. If the finding of the court would have been erroneous in that case, it would be nevertheless correct, under the other hypothesis; and as the latter will sustain the judgment below, we should be governed by it. *Conrad & Co.* v. *Baldwin*, 3 Iowa, 207; 1 Chitty on Pleadings, 272.

Judgment affirmed.