RUSH v. FROST.

1. **Abatement:** DISMISSAL OF ACTION. If one of two actions pending by and between the same parties upon the same cause of action is dismissed before the court has determined the sufficiency of the plea in abatement, it is sufficient to prevent the abatement of the other action.

*Appeal from Wayne Circuit Court.*

THURSDAY, SEPTEMBER 19.

IN April, 1876, the plaintiff brought an action in equity against the defendant, in which he sought to recover on an account for flour sold and delivered. The sheriff and another were also made defendants, and an injunction was asked restraining the foreclosure of a chattel mortgage, and a judgment was asked for the amount due on the account, and also to set aside the mortgage and declare it void. An injunction was granted, but it was, on motion, dissolved.

Afterward the present action was commenced on the same account, and the sole relief asked was a judgment for the amount due. The defendant pleaded the pendency of the former action in abatement of this.

Afterwards the plaintiff dismissed the former action, and set up such fact in a reply. The court overruled the matter pleaded in abatement, and defendant appeals.

*John Hays, Jr.,* for appellant.

*Tannehill & Fee,* for appellee.

SEEVERS, J.—Without entering into a discussion of the
1. ABATEMENT: question whether the matter pleaded would have
dismissal of been sufficient to abate the action under the strict
action.
rules that obtained at common law, such will be conceded to be true. We have, then, for determination the question

whether such rules have any application, or should prevail, under our Code practice.

At common law matter in abatement must have been pleaded before matters in bar of the action. Both could not be pleaded together. But, under the Code, matter in abatement must be set up in the answer in connection with matters in bar. Code, §§ 2635, 2732.

The effect of sustaining a plea like the present, at common law, was the dismissal of the action, and as we understand a voluntary dismissal, after plea pleaded, would not have the effect to cure the error, and the authorities are conflicting as to the effect of a dismissal before the plea was filed.

Another action, however, could be brought; the only effect being the delay caused thereby, and the question of costs.

The policy of the Code is quite different from this. One great object of its adoption was to get rid of the many technicalities of the common law, and as far as possible to have all causes tried and determined on the merits.

The useless form and ceremony of requiring a party to go out at one door and come in at another, or, rather, come in at the same door in all due form for the simple reason that he had come in too soon, or not in the usual or ordinary way, is against the spirit and policy of the Code; and, if the error is corrected when it is called to the party's attention, there is no sense or reason in his marching out and then marching back again. The other party obtains no substantial benefit if he be so required.

Of course we do not hold that two actions for the same thing, and by and against the same parties, may be pending at the same time one of them is being tried; but what we do hold is, that if one of them has been dismissed at the time the matter pleaded in abatement comes before the court for determination, it is sufficient. Indeed, we go one step further: if one action has been dismissed before the court has determined the sufficiency of the plea, it is sufficient to prevent the abatement of the action.

The question of costs is always within the control of the court, and if satisfied both actions were brought to annoy or oppress, it is believed the court has the power to sufficiently punish the wrong-doers and protect the innocent.

The case of *Rawson v. Guiberson*, 6 Iowa, 507, was decided under the Code of 1851, which is in some respects different from our present Code. That case, therefore, is not strictly applicable, but if it is, in so far as it conflicts with the ruling here made it must be regarded as overruled.

AFFIRMED.