BALL v. THE KEOKUK & NORTHWESTERN R'Y CO.

1. **Pleading**: AMENDMENT AFTER VERDICT. On an appeal from an award of damages for right of way taken by a railroad company, where the land was in township sixty-seven, and the trial and all the proceedings had reference to that land, but the land was described in the papers as being in township sixty-nine, *held* that plaintiff was properly allowed to amend, after verdict, by substituting sixty-seven for sixty-nine.

2. **Action**: OTHER ACTION PENDING: REMOVAL OF BAR. Where the pendency of a former action is relied upon as a bar, the dismissal of the former action, before the question of its pendency comes before the court for determination, removes the bar. (*Rush v. Frost*, 49 Iowa, 183, followed.)

3. **Railroads**: RIGHT OF WAY DAMAGES: EVIDENCE ON APPEAL. On an appeal from an award of damages for land taken for right of way for a railroad, it was error to allow evidence as to the damages per acre to the land from which the right of way was taken, without definite proof as to the number of acres in the several tracts. It was also error to allow evidence of damages to certain tracts indefinitely referred to by counsel, and which were not clearly shown to be crossed by the railroad or involved in the case.

*Appeal from Lee Circuit Court.*

FRIDAY, MARCH 11.

THE appeal is from proceedings instituted to ascertain the right of way damages due the plaintiff by reason of the taking of land for the defendant railway company. A sheriff's jury was called, and the damages assessed. From the assessment the defendant appealed to the circuit court, where a trial was had, and the damages were again assessed. From that assessment the defendant appeals to this court.

*James H. Anderson*, for appellant.

*D. N. Sprague* and *Frank Hagerman*, for appellee.

ADAMS, CH. J.—I. In the proceedings as instituted, and in the trial upon appeal in the circuit court, the land in question was described as in township sixty-nine, whereas the land is in township sixty-seven. After the verdict the plaintiff asked leave to amend the

1. PLEADING: amendment after verdict.

papers so as to describe the land as in township sixty-seven, and such amendment was allowed to be made. The defendant claims that, in allowing such amendment, the court erred.

The sheriff's jury examined the land in question in township sixty-seven, and all the witnesses who testified upon the trial upon appeal testified with reference to the same land. No one was misled by the mistake in describing the township at first as township sixty-nine. The amount of damages assessed could not have been different if the mistake had not been made. After the amendment, the papers, upon their face, applied to the land intended, and every interest of the defendant was protected. We think that the amendment was allowable in furtherance of justice, and that the defendant has no good ground of complaint.

II. The defendant filed an answer in the circuit court, in which it averred that the plaintiff had another action pending for the same damages. The fact appears to be that there was another action pending at the time these proceedings were commenced, but was dismissed before the trial on appeal. Whatever may be the rule at common law, under our practice the dismissal of the former action, before the question as to its pendency comes before the court for determination, removes the bar. *Rush v. Frost*, 49 Iowa, 183.

2. ACTION: other action pending: removal of bar.

III. The defendant has presented a large number of questions arising upon the introduction of evidence, but it will not be necessary to consider them all. The case in some respects presents itself to us as a remarkable one. The amount of land taken by the railroad company was about eight acres. No buildings seem to have been disturbed, and yet the jury assessed the plaintiff's damages at $3,259.44. How much land there was in the farm does not appear from any reliable evidence. In the petition of the plaintiff to the sheriff, asking him to summon a jury to assess the damages, the land is described

3. RAILROADS: right of way damages: evidence on appeal.

as embracing two tracts of forty acres each, and one tract of fifty-four and one-half acres, and one tract described as half of a quarter section. No one of the governmental subdivisions is described as fractional, and, taking the description as it stands, the amount should be presumed to be $214\frac{1}{2}$ acres. Yet none of the witnesses speak of it as such, and a part of them, without any tangible evidence upon the subject, assume that there was more, and estimated the damages at a certain amount per acre.

The case seems to have been tried, on the part of the plaintiff, in a very loose and confused way. Some of the evidence as presented in the abstract is not intelligible. The court itself seems to have been confused by the way the plaintiff's counsel examined his witnesses. Whether the witnesses themselves had a better understanding of what was asked we do not know. Testimony was allowed in regard to an eighty-seven-acre tract, against the objection of the defendant that no such tract is described in the papers in the case. The plaintiff testified that the tract was worth forty dollars per acre before the road was built; that the road ran slantwise across it; and that the tract was damaged eighteen dollars per acre. It is certain no such tract appears to be described in the papers. There is a tract described presumably containing eighty acres, and no more. Possibly this is the tract referred to. But, according to the map introduced, the railroad does not touch the tract. Again, the defendant's counsel, after examining him in regard to what is called the eighty-seven-acre tract, proceeded as follows: "Now, then, take the next forty acres,—the forty south of the eighty-seven-acre tract." *Answer.* "Yes, sir." "What was that worth before the railroad was built?" *A.* "Worth about forty-five dollars per acre.". "When they put the railroad in there, what was it worth then?" *A.* "It was worth about twenty dollars, the way I had it." Here we find an inquiry made about a forty-acre tract south of the eighty-seven-acre tract; but there is no forty-acre tract

involved in these proceedings lying south of what is described as "the west half of the southeast quarter of section nine," nor does the map purport to show such forty-acre tract. If there is an eighty-seven-acre tract lying north of a forty-acre tract involved in the proceedings, it is not the W. ½ of the S. E. ¼ of section 9. We think it was error to admit evidence in regard to an eighty-seven-acre tract without any evidence that there was such tract, and especially as the witnesses generally estimated the damages at a certain amount per acre.

IV. The plaintiff's counsel then proceeded as follows: "Now, there is an eighty,—the last towards Keokuk; does the railroad run on that?" *Answer.* " It cuts off a corner." This evidence was objected to, and we think properly. A forty-acre tract had been mentioned as south of the eighty-seven-acre tract, and now an eighty-acre tract is inquired about as south of the south forty. There is certainly no such tract involved in these proceedings, and we do not think that any evidence should have been admitted concerning it. It is true that further on an objection was interposed to any evidence respecting the N. E. ¼ of section 16, and the court ruled upon the objection in the defendant's favor, the ruling being made in these words: "It is not competent to show damages as to the last eighty bought since the taking of the right of way." But this ruling did not purport to exclude the evidence which had been previously expressly admitted over the defendant's objection, when an inquiry was made about an eighty lying south of the south forty. Possibly the court intended that it should be so understood, but no jury could be properly relied upon to find its way through so much confusion of terms.

Evidence should not have been allowed as to the damages per acre, without definite proof as to the number of acres, and accurate words of description of the tracts should have been used in the examination of the witness, and all evidence as to damages to land not embraced in the proceedings,

whether it might have been embraced or not, should have been excluded.

We think that the judgment must be

REVERSED.