## CALDWELL V. MESHEW.

53 263
64 257

Decided May 10, 1890.

1. *Amendment of pleadings to conform to proof.*

Where the parties to a cause have directed their proof to a certain issue, consistent with the original claim or defense but not with some allegation of the pleadings, an amendment of the latter to conform to the proof may be allowed, although the cause has been submitted for a year.

2. *Amendment—When affidavit is necessary.*

No affidavit is necessary to authorize an amendment where it appears from the case, as then before the court, that it is material and in furtherance of justice.

APPEAL from *Randolph* Circuit Court in Chancery.

J. W. BUTLER, Judge.

*S. W. Williams* for appellant.

1. The rule of practice in equity cases is that the whole evidence will be sifted, and this court determines what the findings of the chancellor should have been, upon such evi-

dence as was competent and proper, with due deference to the findings of the chancellor where the preponderance is nice. 43 Ark., 307; 41 Ark., 292; 44 Ark., 206; 34 Ark., 212.

2.    The decision in 44 Ark., 564, is the law of this case. 10 Ark., 186; 13 Ark., 103; 22 Ark., 176; 18 Ark., 292. Hence there is but one question in this case: the equitable ownership of the mortgages.    As to this Caldwell had the highest and best evidence of ownership, tracing his title to Avandana Bros.    Possession is *prima facie* evidence of ownership, and raises a legal presumption of title.    Abbott, Tr. Ev., pp. 389, 425, 623.    The burden was on Meshew to prove Caldwell's possession unlawful, and of establishing title in himself.    He has not done so.

The statements of Blanco after the agency terminated were not admissible in evidence as admissions to bind his principal.    1 Greenl., Ev., sec. 114.    The admissions must be made during the continuance of the agency in regard to a transaction then depending *et dum fervet opus*.    1 Greenl., Ev., sec. 114; 29 Ark., 530, 531.

The evidence proves beyond doubt the equitable title of Avandana Bros. to which appellant succeeded.

3.    It was error to refuse to allow the proposed amendment.    An amendment can be made at any time, even after decree and before enrollment.    1 Nash., Pl., 328; Newman, Pl., 721; How., Prac., 321; 1 Bush., 2; 1 Estee, Pl., sec. 162; Myer, Ky. Code, p. 422, note to sec. 156; Mansf. Dig., sec. 5075; 29 Ark., 323; 1 Dan., Pl. and Pr., p. 459; 33 Ark., 811.

4.    If Meshew paid taxes without right, that gave him no lien on the land.    30 Ark., 600.

*W. R. Coody* for appellee.

Every question appears to have been settled by the former decision save Meshew's agency.    44 Ark., 564.    As to this

the burden on appellant, possession being no evidence of agency or transfer.    44 Ark., 567-8.

Under the stave contract no agency could exist—none being created by the terms of the contract, none can be established by parol.    30 Ark., 186; 29 Ark., 544; 35 Ark., 470.

The contract of Brown was in writing to build the boats for Meshew, and parol evidence was inadmissible to prove that Brown was to build the boats for Avandana instead of Meshew.    20 Ark., 293 ; 12 Ark., 125, 593.

Appellant had no right to amend in this case.    Mansf. Dig., secs. 5077, 5080, 5026.    No case has been cited by appellant where a court has allowed a plaintiff to allege certain facts constituting a cause of action, and then, upon failure to prove such allegations, allege and set up a different right or cause of action by way of amendment after proof and submission of the cause.    Amendments are in the sound discretion of the court, and this court will not control that discretion unless grossly abused.  26 Ark., 360 ; 30 Ark., 393.

But if the amendments were allowed, it does not help appellant's case.    The notes and mortgages were never assigned, voluntarily delivered or transferred to Avandana Bros.    If not, they had no title ; accident, mistake or fraud would not pass title either in law or equity.    1 Dan., Neg. Inst., secs. 741-3 ; 1 Jones on Mortg., sec. 813.

The chancellor has decided this case with all the evidence before him, and the decree should be affirmed unless the preponderance is clearly against his findings.    24 Ark., 443 ; 41 Ark., 219.

Even taking this case upon Blanco's theory, Avandana Bros. held only as collateral security, and could not sell them as negotiable paper or bind the assignor by any contract or incumbrance.    They were simply trustees of a special trust, and Caldwell dealing with notice of the trust cannot take anything by his contract or purchase.    32 Ark., 58, 59 ;

1 Jones on Mortg., sec. 827; 2 Jones on Mortg., sec. 1789; 1 Jones on Mortg., sec. 817.

Admitting all appellant claims, Meshew is entitled to the mortgages after paying back the $500 which Henderson first paid for same, and is entitled to enforce the same for the surplus and the taxes paid.   7 Sup. Ct. Rep., 887.

The boats more than paid the advances made by Avandana;  and Meshew is entitled to the notes and mortgages in any view taken of the case.

HEMINGWAY, J.   This is a controversy between Geo. M. Caldwell and Thomas J. Meshew, each claiming to own two certain notes made by defendant Brown and two mortgages given as security therefor.   One note and mortgage was executed to Thos. J. Meshew, while the other was executed to Hecht Bros. & Co., and by them endorsed to him.   Neither note or mortgage bears evidence of any endorsement by Meshew.

Caldwell alleged in his complaint that Meshew was the agent of Avandana Bros., merchants in New Orleans, and as such obtained all the instruments, and that he afterwards delivered them to his principals;  that they, Avandana Bros., had transferred them without writing to Henderson, and he had transferred them for value to Caldwell.   The complaint further stated that Meshew had at his own expense redeemed the lands from tax sale and paid the taxes for several subsequent years.   It sought to fix the amount due Meshew for taxes and to foreclose the mortgages subject thereto.

Meshew denied that he was the agent of Avandana Bros., and that he obtained the notes as such; he alleged that he took the notes in the ordinary course of business, as his own property; that they were abstracted from a safe in which he kept his papers by one Blanco, who delivered them to Avandana Bros.; that he had never parted with his right to the instruments; and he asked a lien for taxes as set out

above and a foreclosure of the mortgage. Other parties answered, whose pleading it is not essential to notice.

A great deal of evidence was taken and the cause was submitted. After its submission, Caldwell asked leave of the court to amend his complaint by striking out that part of it which alleged that Meshew was the agent of Avandana Bros. and as such obtained the notes and mortgages; and to substitute in lieu thereof the allegation that Blanco, as agent of Avandana Bros., advanced to Meshew the money, by means of which he obtained them, and that Meshew sold, transferred and delivered them to Avandana Bros. for the money so advanced by their agent.

The motion to amend was resisted by Meshew for the reasons: (1) that it came one year after the cause had been submitted; (2) that the amendment was inconsistent with the original complaint; (3) that it substituted a new issue after all the proof had been taken and some of the witnesses had died; and (4) that it was supported by no affidavit for its necessity. The court refused to permit the amendment to be made, and found in favor of Meshew as to the ownership of the instruments in controversy.

If there was no error in refusing to allow the appellant to amend his complaint, there was none in the final determination of the other matters. Meshew was not the agent of Avandana Bros., and there was no proof tending to establish such a relation. He was engaged in getting staves which they had agreed to purchase from him; the terms of sale were stipulated; and they agreed to advance him money to carry on his business. He engaged to deliver the staves in New Orleans, and it thereby became necessary for him to obtain boats for their transportation. He contracted with Brown, the maker of the notes, for the boats needed, Brown agreeing to furnish them at a stipulated price. While the boats were in process of construction, Brown was taken sick and lacked the pecuniary means needed to complete them.

Avandana Bros. had then made large advances to Meshew which they expected to be paid by shipment of staves; but the staves could not be shipped without boats, and so they were induced to advance Meshew the money which he advanced Brown to enable him to complete the boats. When the boats were completed, Meshew had advanced Brown the amount of one note in money, beyond the price he had agreed to pay; Brown had obtained from Hecht Bros. & Co. the amount of the other note in supplies. The two notes and mortgages were executed to secure the amounts above, and Blanco, the agent of Avandana Bros., furnished Meshew the money to take up the Hecht note. The amount already advanced to Meshew was largely in excess of that originally contemplated, and the advance was then made in order to collect those that preceded it. The appellant contends, and the evidence on his part tends to prove, that the notes were immediately delivered to Blanco, as agent, to secure the advances made by his principals, to whom he afterwards delivered them. But Meshew contends that the notes were delivered to and held by him until they were taken from among his papers without his knowledge by Blanco; that although Avandana Bros. advanced the money with which he procured them, it was a loan to him and that the instruments were in no manner pledges for the loan. The parties directed their evidence to the elucidation of the difference as above set out. The testimony of every person who seemed to know anything of the matter was taken, and the decided preponderance of the evidence favors the contention of the appellant. The circumstances of the parties supports the same theory. Avandana Bros. had exacted all the security that Meshew could give for the original advance, and when they had exceeded it and were required to advance a further sum, it is unreasonable to suppose that they would have waived any security that was obtainable. Besides Meshew's conduct in permitting Avandana Bros. to hold the notes for

a considerable time was not consistent with his contention. That was the state of the case when leave to amend was asked.

The amendment asked did not change the plaintiff's claim, for in either event he claimed the notes and mortgages, and the statute provides that the court may at any time, in furtherance of justice and on such terms as may be proper, amend any pleadings when the amendment does not change substantially the claim or defense by conforming the pleadings to the facts proved. The amendment may be made at any time in furtherance of justice, and the fact that the cause has been submitted for a year is not sufficient ground to justify the court in refusing to direct it made. It shall not change substantially the claim or defense, but may change the issues. The right to amend is not limited to the introduction of matters consistent with all the allegations of the original pleadings, provided they be consistent with the original claim or defense.

1. Amendment of pleadings to conform to proof.

No affidavit is necessary to authorize the amendment, when it appears from the case, as then before the court, that it is material and in furtherance of justice. It should never be permitted to the defeat of justice. Although a fact may appear by the evidence, still if it was not in issue, and the proof was not directed to it, the pleadings should not be amended to conform to it after the submission of the cause; to permit this would be to take as proved a matter which the parties had not considered in taking proof, and which might appear differently if they had directed the proof to it; but no such injustice can be done when the parties have contested the matter and directed the proof to it. *Radcliffe v. Scruggs*, 46 Ark., 96.

2. When affidavit is necessary.

In this case it was obvious that the ends of justice required the amendment. But parties directed their proof to the matter set out in the amendment, and Meshew took the depositions of three witnesses pertinent to no other issue.

So far as could be ascertained from the evidence, it embraced on that point the testimony of every person who had any cognizance of the matter, and it was not suggested that any person knew anything material to it, whose testimony had not been taken. The evidence in was pertinent to the issues with the amendment made, and was not pertinent otherwise. We think the amendment should have been made conforming the complaint to the proof, and we will treat the cause as if it had been done. The court, having refused to direct the amendment, made no findings upon the facts pertinent to it.

We are satisfied that Meshew transferred and delivered the notes and mortgages to Avandana Brothers, as collateral security for advances made to him, and it does not appear that the debt for advances has been paid. Although they might not be able to sell the collateral so as to bar the pledgor's right of redemption, they could assign it, and the assignee would acquire their right to bring suit on it. Caldwell having acquired it by assignment from them is entitled to judgment on the notes, and to a foreclosure of the mortgages against Brown, subject to the paramount lien of Meshew for the taxes. He was not a volunteer in the payment of taxes, for he had an equitable interest in the notes and mortgages.

The judgment will be reversed, and the cause remanded, with instructions to the circuit court to charge a first lien on the land in favor of Meshew for the amount paid by him in redeeming the land and for the taxes, in accordance with the prior judgment, and to render judgment in favor of Caldwell on the notes and mortgages, and for proceedings thereunder according to law.