## James Dougan *vs*. James Turner.

*Decided Nov. 18, 1892.*

**Amending Complaint to Conform to the Facts Proved.**

The complaint in an action alleged the performance of services by the plaintiff for the defendant in *selling* goods, under a promise by the defendant to pay the plaintiff a specified percentage of the price of such sales. The action was for the recovery of such compensation. The evidence at the trial, to which no objection appears to have been made, showing that the plaintiff's services consisted in taking *orders* for goods, and that the promised compensation was for the taking of such orders, *held :*

**Not Error to Allow it.**

(1) That it was not error to allow the complaint to be amended after the trial, conforming the pleading to the fact proved.

**Case not Opened for New Evidence.**

(2) It is to be presumed, in the absence of any showing to the contrary, that the facts established by the evidence at the trial were fully litigated, so that an amendment, conforming the pleadings to the facts proved, may be allowed without opening the case for the introduction of further evidence.

**Contract Construed.**

(3) The contract being as above indicated, the countermanding of orders given by purchasers would not affect the plaintiff's right of compensation for taking the orders.

Appeal by defendant, James Turner, from an order of the District Court of St. Louis County, *Ensign*, J., made March 26, 1892, refusing his application for a new trial.

Action brought by plaintiff, James Dougan, to recover $1,042 balance of fifteen per cent. commissions on the price of tombstones sold by him as agent of defendant. The issues were referred to H. F. Green, Esq., for trial. After the evidence had been given, the referee allowed the plaintiff to amend his complaint so as to demand fifteen per cent. on the price of tombstones for which he obtained orders. Defendant objected, and excepted to the ruling. He now appeals and assigns the ruling as error.

*R. R. Briggs,* for appellant.

*W. Hammons,* for respondent.

DICKINSON, J.    The original complaint placed the plaintiff's cause of action on services rendered for the defendant in *selling* tombstones, for which services, as alleged, the defendant promised to pay plaintiff "fifteen per cent. on the purchase price on all goods so *sold by him.*" This may be said to have been admitted by the answer, but issue was joined by the answer (among other things) as to the amount of completed sales made by the plaintiff. The case was tried by a referee. The bill of exceptions now before us states that the evidence introduced by the plaintiff tended to show that the allegations of the complaint were true, which, however, is a matter of little importance, since it is stated by the bill of exceptions that the evidence (received without objection, so far as appears) also tended to show, as the referee afterwards found the fact to be, and as was alleged in the subsequently amended complaint, that the plaintiff agreed to canvass for orders for tombstones and monuments, in which defendant was a dealer, and that defendant promised to pay plaintiff for such *orders as he would obtain* for him in said employment, at the rate of fifteen per cent. on the selling price of the same, *payable when said orders were obtained.* The evidence also disclosed the amount of orders taken, a specified part of which had been filled by the defendant, and another specified part of which had been countermanded.

After the trial and argument of the case before the referee, the plaintiff (at the suggestion of the referee) applied for permission to amend his complaint by alleging that the defendant promised to pay plaintiff fifteen per cent. on the price for which *orders* should be taken. The amendment was allowed, and the referee then made his findings and decision as above indicated, without hearing further evidence or giving opportunity to present any. The referee allowed the plaintiff to recover the percentage on all orders taken by him, including such as had been afterwards countermanded or revoked, and such as had not been filled by the defendant by furnishing the goods ordered.

1. No error is assigned or shown in receiving the evidence going to establish the fact as found by the court, and it is conceded that the evidence tended to establish that fact. Hence, in allowing the amendment "conforming the pleading * * * to the fact proved," (1878 G. S. ch. 66, § 124,) there was no error. The change thus made cannot be deemed to have "substantially" changed the claim, within the meaning of that word in the statute cited. In both pleadings the ground upon which a recovery is demanded is the breach of the contract of service, the allegations in both pleadings referring to the same contract. It will be seen that the important feature of the amendment consisted in stating the agreed terms of compensation, (for services performed,) differing somewhat from what was alleged in the original complaint. This was a proper amendment of the pleading. See *Bruns* v. *Schreiber*, 48 Minn. 366, (51 N. W. Rep. 120.)

2. The allowing of such an amendment after trial, conforming the pleading to the facts proved, would not, ordinarily at least, require that the case be opened for further proof. The amendment is allowed *because* upon trial the facts have already been *proved* to be such as to justify or require some amendment to make the pleading conform thereto. It is to be presumed, the bill of exceptions showing nothing to the contrary, that the fact here in question, which, as the bill of exceptions states, was supported by the evidence at the trial, was fully litigated and submitted for the decision of the court. Presumably there was no reason for opening the case to allow further evidence, and it does not appear that the appellant ever sought to have this done.

3. The fact being established that the defendant agreed to pay the specified percentage on such orders as the plaintiff should procure, payable when such orders should be obtained, the latter was entitled to such agreed compensation, even though some of such orders may have been afterwards countermanded by the persons who gave them. If the orders were countermanded by reason of any default of the plaintiff, that should have been shown to defeat his recovery. No such fact appears.

Order affirmed.

(Opinion published 53 N. W. Rep. 650.)