ANNA G. BURT, AS ADMINISTRATRIX OF THE ESTATE OF
GEORGE BURT, DECEASED, PLAINTIFF IN ERROR, VS.
THE FLORIDA SOUTHERN RAILWAY COMPANY, A
CORPORATION UNDER THE LAWS OF FLORIDA, DE-
FENDANT IN ERROR.

1.  Assignments of error based upon alleged rulings not shown by
    the abstracts to have been made, or not shown by the ab-
    stract to have been excepted to where an exception is neces-
    sary, or based upon instructions not set forth in the abstract,
    or if set forth, not accompanied by a statement of the sub-
    stance of the testimony upon which they were based, will
    not be considered by an appellate court, where the cause
    is submitted upon abstracts of the record not excepted to.

2.  Trial courts have discretionary power under section 1042
    Revised Statutes to permit amendments of the pleadings by
    the withdrawal of a plea by a defendant during the trial, and
    unless the appellate court can see that the discretion was
    abused, and that the opposite party might have been injured
    by such an amendment, the ruling permitting the amend-
    ment will not be disturbed on writ of error.

3.  Under section 1042 Revised Statutes trial courts have dis-
    cretionary power to permit amendments of the pleadings
    after verdict in furtherance of justice, but this power should
    be more cautiously exercised than in cases where the appli-
    cation to amend is made before the verdict, and where such
    amendment after verdict makes a new issue which has not
    been submitted by the parties to the jury on trial, a new trial
    ought ordinarily to be granted, but where it clearly appears
    to the appellate court that the opposite party was not injured
    by such amendment, the ruling granting it will not be dis-
    turbed, though the trial court refused to grant a new trial.

4.  A plaintiff in ejectment must recover upon the strength of his
    own title and not upon the weakness of his adversary's He
    cannot recover even as against one without title, unless he
    proves title or prior possession.

5. Plaintiff sued defendant, a railroad company, in ejectment for
   the whole of certain blocks of land containing nearly twenty-
   five acres.  Defendant pleaded, first, not guilty; second, that
   it was not in possession of any of the lands sued for.  Dur-
   ing the trial the plea denying possession was by leave of

Burt v. F. S. Ry. Co.—Syllabus.

court over plaintiff's objections withdrawn. Plaintiff failed to show title to or prior possession of any of the land sued for, and defendant produced evidence that it claimed and was in possession of only a small strip of land across the lots as a right of way, covered by its railway tracks and ditches as laid. The jury rendered a verdict for defendant. After verdict, but before judgment, defendant was permitted, over plaintiff's objections to file an amended plea denying that it was in possession of the whole of the lands sued for, but only of so much as was covered by its railway tracks and ditches as laid, and specially disclaiming any other possession or claim right or title to the lands sued for, but as to that portion occupied by its tracks and ditches alleging that it claimed title exclusive of any other right. Thereupon judgment was entered for defendant: Held, that the plaintiff under the circumstances was not injured by the rulings permitting the withdrawal of the plea denying possession, and the filing of the amended plea after verdict; that the plea filed after verdict in effect withdrew so much of the plea of not guilty as applied to the lands sued for other than the strip covered by the defendant's railway tracks and ditches as laid; that by filing this plea the defendant voluntarily relinquished its right to a judgment that would operate as an estoppel on the question of title as to all portions of the lots sued for except as stated; that the judgment entered must be construed with reference to the issues made by the amended pleadings; that the pleadings as amended put in issue the real controversy between the parties and that under the circumstances stated the filing of the amended plea after verdict did not require the granting of a new trial as plaintiff was not only not injured but actually benefitted by such amendment.

Writ of Error to the Circuit Court for Putnam County.

The facts of the case are stated in the opinion of the Court.

*W. W. Dewhurst* and *Henry Strunz,* for Plaintiff in Error.

*R. W. & W. M. Davis,* for Defendant in Error.

CARTER, J.

This cause was referred by the court to two of its commissioners, Mess. Maxwell and Glen, for investigation and they have reported that the judgment of the Circuit Court of Putnam county, from which this writ of error was taken, ought to be affirmed. The court after careful consideration is of the same opinion, but deems it proper to express its views more at length than by the ordinary *per curiam.*

The suit is an action of ejectment and was originally instituted by George Burt in 1890, who obtained judgment from which a writ of error was taken by the defendant to this court. Before the case was decided George Burt died, and the plaintiff in error was made a party in his stead in this court. The judgment was reversed (Florida Southern Ry. Co. v. Burt, 36 Fla. 497, 18 South. Rep. 581), and the cause remanded for a new trial upon the ground that the evidence did not show any title or right of possession in the plaintiff, George Burt. Another trial resulted in a judgment for the defendant, from which this writ of error was taken.

The cause is decided upon the abstract which has not been excepted to. From this abstract it appears that the declaration by George Burt was filed April 4, 1890, claiming to recover of the defendant the possession of certain named blocks of land, described by their street boundaries, containing twenty-five acres, of which defendant was alleged to be possessed. Defendant pleaded, first, not guilty; second, that it was not then, and had not theretofore been in possesion of the land described in the declaration. Issue was joined on these pleas September 4, 1890. After the case was remanded by this court to the

Circuit Court a motion was there filed suggesting the death of George Burt and asking that Anna G. Burt be made a party plaintiff, which was granted April 14, 1896. On the second day of the trial upon motion of the defendant the court granted leave over plantiff's objection and exception to amend its pleas by withdrawing the second. The jury rendered a verdict in favor of the defendant, and thereafter the court over the objection and exception of the plaintiff permitted defendant to amend its pleas as follows: "And for a second plea defendant says that it denies being in possession of the whole of the blocks of land described in plaintiff's declaration, but only so much thereof as is covered in each block by defendant's railway tracks and ditches as laid, and defendant especially disclaims any other or further possession of said blocks, or any claim or right or title thereto, but as to the premises actually occupied by defendant it does claim title exclusively of any other right, and of this puts itself upon the country."

Plaintiff also moved for a new trial upon the following grounds: 1st. No evidence before the jury as to when defendant took possession of the lands sued for. 2nd. No evidence of title or claim of title to lands sued for. 3rd. Verdict contrary to evidence. 4th. Verdict contrary to law. 5th. Withdrawal of second plea after change in the statute of limitations after plea pleaded and issue joined. The motion was overruled and plaintiff excepted.

The plaintiff also moved in arrest of judgment, which motion was denied and she excepted. This motion was based upon the following grounds, substantially, *viz*: That there was no replication filed to the amended plea, the issues tendered by that plea had never been tried; that the amended plea was inconsistent with the other plea of not

guilty upon which the trial was had; that the description of the property as to which title and possession was disclaimed was vague and indefinite, and that the court ought not to have permitted the second plea to be withdrawn on the trial or the amended plea to be filed.

The errors assigned are as follows: 1st. The refusal of the judge to allow plaintiff to ask the witness James Burt, a certain question therein stated.

2nd. The refusal of the judge to allow plaintiff to give in evidence the expenditures of George Burt for attorney's fees and other costs in the first trial of the case.

3rd. The ruling permitting defendant to withdraw its second plea during the progress of the trial.

4th. The ruling permitting defendant to file a new plea and disclaimer after verdict and motion for a new trial.

5th. Allowing defendant to file a plea after verdict changing the issues presented to the jury at the trial, which plea did not describe with reasonable certainty what part of the land sued for a defence was intended to be made, or the part for which by said plea a defence would have been made if the plea had been filed before the verdict under the rule in ejectment, and which plea was allowed to be filed without the written notice to the plaintiff of the restricted defence attempted, or the filing of such notice, and after an appearance and defence for the whole of the lands sued for.

6th. The ruling refusing to give instructions Nos. 1 to 12 inclusive, and No. 15, asked for by the plaintiff.

7th. The rulings giving the charges Nos. 1, 3, 5, 6 and 7 asked for by defendant.

8th. The refusal of the judge to grant a new trial.

The 1st, 2nd, 6th and 7th assignments of error may

be considered together, as they must all be disposed of
upon the same ground. The abstract fails to show that
the court made the rulings complained of in the first or
second, or that any exceptions based upon the matters
stated therein were reserved, and it likewise fails to show
that the court gave or refused the instructions mentioned
in the sixth and seventh, or that any exceptions were
reserved to any ruling giving or refusing instructions.
The instructions complained of together with the sub-
stance of testimony upon which they were based, are not
set forth in the abstract as required by the rules of court.
In order to review them it is necessary that they, with
the tesimony and the excepions taken, be included in the
abstract. This is obvious from a mere reading of rule 20
of the Supreme Court, and there is nothing in the decision
in Allen v. Lewis, 38 Fla. 115, 20 South. Rep. 821, incon-
sistent with this view, as is contended by plaintiff in error.

Before considering in detail the other assignments
of error, it will be proper to say that according to the evi-
dence given in the abstract, plaintiff failed to show any
title in the original plaintiff, George Burt, or in herself,
to any part of the lands sued for. The abstract states that
plaintiff proved title back to A. D. 1852, from grantors
then in possesion claiming to own in fee by certain deeds
which are not set forth in the abstract. The descriptions of
lands in these deeds as given in the abstract do not purport
to include the lands in dispute, nor is there any testimony
which tends to show that these descriptions embrace the
lands in controversy or any of them. The first deed men-
tioned is one from Burt, Reid and Carr to Isaac H. Bron-
son. It is inferentially stated that this deed conveyed
nearly all of the " Palatka tract " or " Brush
Grant " the whole of which is now embraced

in the town of Palatka, but there is nothing
to show that the lots sued are embraced in
this description. The next deed mentioned is one from
Isaac H. Bronson to James Burt, which according to the
abstract, conveys every·part of the estate, lands and lots
described in the deed from Burt, Reid and Carr to Bron-
son, reserving, however, what Bronson had sold previously
to May 15, 1855, also the homestead Sunnyside of said
Bronson and twenty-eight several lots set aside
to the wife of Bronson and certain water lots,
and subject to all contracts of sale made by
Bronson prior to May 15th, 1855. The abstract
states that three separate schedules designating
one hundred and twenty-one several lots or blocks as
either sold, reserved or bargained were attached to this
deed, but such schedules are not given in the abstract. The
next deed mentioned is from James Burt to George Burt,
dated August 3, 1858, and the abstract states that it con-
veys all the lots and blocks of the Palatka tract described
in the schedule attached and designated on the map of
Palatka and the plat of the Palatka tract; also all contracts
for sale as in an attached schedule to be fulfilled by the
grantee. The schedules attached, it is stated, describe
fifty-eight several lots or blocks, being nearly the whole
of Palatka as platted, but there is nothing to show that
this deed embraces the lands in controversy. It is stated
that a map of the city of Palatka was filed in evidence
but the map is not included in the abstract. It will thus
be seen that it is not made to appear that the deeds relied
upon purported to convey the lots in controversy. They
may all have been excepted or reserved from the convey-
ances in the schedules attached, and indeed may not have
mentioned or referred to in the deeds at all. There is noth-

ing to show that plaintiff or George Burt was ever in possession of the lots in controversy, and even though we concede that evidence shows that Burt, Reid and Carr, or Bronson, or James Burt, were in possession claiming the same, this can not benefit plaintiff in the absence of proof that these identical lots were included in the deed from James to George Burt. The plaintiff failed to prove title or right of posssession to any part of the lands sued for. Bearing these facts in mind, we will proceed to consider the other assignments of error.

The eighth has been disposed of by what has been said in relation to the effect of the evidence, except the last ground of the motion for a new trial, which will necessarily be disposed of in considering the third assignment of error.

The third assignment of error complains of the action of the court permitting the original second plea to be withdrawn during the trial. There can be no doubt that the court had power in its discretion to permit an amendment of the pleadings by withdrawing a plea, even during the trial under the statute hereinafter referred to. This power is not denied by the plaintiff in error, but she contends that the court abused its discretion in this instance to her injury, because as she alleges the plea withrdrawn was an admission of record that defendant had never been in possession of the lands sued for, and would estop it from claiming title by adverse possession to any part of such lands, and that the court by permitting the withdrawal of the plea deprived her of benefit of this estoppel by the record. Even if this contention be sound it does not follow that the ruling complained of will avail to reverse this case. That it would be clearly an error without injury, is apparent when we remember that plaintiff showed

no title whatever to or prior possession of the property in controversy, and therefore the verdict must necessarily be for defendant, without reference to the question of adverse possession, upon the familiar principle that a plaintiff in ejectment must recover upon the strength of his own title, and that he can not recover even as against one without title, unless he shows title or prior possession. Under the facts of this case there is no reversible error in the ruling here complained of.

The fourth and fifth assignments of error may be considered together. They complain of the ruling permitting the amended plea to be filed after the verdict. Section 1042 Revised Statutes provides that "upon application of any party desiring amendment the courts of this State shall at all times amend all defects and errors in any pleading or proceeding in civil causes whether there is anything to amend by or not, and whether the defect or error be that of the party applying to amend or not; and all such amendments shall be made with or without costs and upon such terms as the court may deem fit; and all such amendments as may be necessary for the purpose of determining in the existing suit the real question in controversy between the parties shall be so made, if duly applied for." This section has been several times before this court for consideration (Robinson v. Hartridge, 13 Fla. 501; Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332), and in the last case it is said "our trial courts are clothed with a very broad discretion in the matter of allowing amendments of the pleadings in civil causes, and unless there is a very gross and flagrant abuse of the discretion, this court will not interfere with its exercise." So far as we have been able to ascertain, no case permitting amendment of pleadings after verdict has ever

been before this court, but the authorities quite uniformly sustain the proposition that under statutes like ours such amendments may be allowed in furtherance of justice, and various Illustrations of such amendments may be seen by consulting the following cases: Peaslee v. Dudley, 63 N. H. 220; Morse v. Whitcher, 64 N. H. 591, 15 Alt. Rep. 207; Davis v. Chicago, R. I. & P. Ry. Co., 83 Iowa, 744, 49 N. W. Rep. 77; Tremains v. Hitchcock, 23 Wall. 518; Caldwell v. Meshew, 53 Ark. 263, 13 S. W. Rep. 761; Floyd v. Woods, 4 Yerg. 164; Price v. New Jersey Railroad and Transportation Co., 31 N. J. L. 229; Independent Order of Mutual Aid v. Paine, 122 Ill. 625, 14 N. E. Rep. 42; Dougan v. Turner, 51 Minn. 330, 53 N. W. Rep. 650. In Metcalfe v. McCutchen, 60 Miss. 145 and Ball v. Keokuk & N. W. Ry. Co., 71 Iowa, 306, 32 N.W.Rep.354, misdescriptions in the lands sued for were held to be properly corrected by amendments after verdict even though the corrected descriptions embraced lands entirely different from that originally sued for. See, also, Hinman v. Booth, 21 Wend. 267; Zeillin v. Rogers, 21 Fed. Rep. 103. Without undertaking to lay down a general rule applicable to all amendments after verdict, we think there is no doubt that the power exists, though it ought to be more cautiously exercised in such cases than in cases where the application is made before verdict, and where the amendment makes a new issue which has not been submitted by the parties to the jury on the trial, a new trial ought ordinarily to be granted, and if it did not clearly appear in this case that the plaintiff in error was not only not injured by the amendment, but that she was actually benefitted thereby, we would reverse the judgment and direct a new trial in this instance.

The plaintiff chose to sue the defendant for the whole of certain blocks of land containing twenty-five acres, though it is apparent from the evidence as given in the abstract that defendant claimed no title to or possession of any part of the land sued for except a strip covered by its right of way through the lands. The defendant, instead of pleading the real facts as it afterwards did by the amended plea, pleaded the general issue, not guilty, along with a plea denying possession of any of the lands, and these pleas were applicable to all the lands sued for. Upon the trial the plea denying possession was withdrawn, so that the only issue submitted to the jury was framed upon the plea of not guilty, and to this issue the verdict of the jury responded in defendant's favor. As we have seen, the verdict was, according to the testimony exhibited to us by the abstract, correct, and entitled the defendant to a judgment in its favor which would have been applicable to all lands embraced in the declaration. As the defendant really claimed title to and possession of the strip covered by its right of way only, it sought after this verdict to put the pleadings in such shape that the judgment to be entered in its favor would operate as an estoppel or be available as *res judicata* against the plaintiff upon the question of title to the strip really claimed by it only, and the court permitted this to be done. The judgment which could rightfully have been entered upon the verdict would have operated as an estoppel upon the title to all the land sued for, while the judgment entered after the amendment was permitted operates as an estoppel upon the title to only that portion of the property described in the plea as so much of the blocks of land described in the declaration as is covered in each block by defendant's railway tracks and ditches as laid, and as to

the other property the judgment can not operate as an adjudication of title, but only that defendant was not in possession as alleged in the plea. The effect of filing the amended plea under the circumstances was to withdraw as much of the plea of not guilty as applied to those portions of the land sued for not specifically claimed by defendant in the amended plea. While the amended plea created a new issue as to the property not covered by the railway tracks and ditches as laid, it did not as to that particular part of the land. The effect of the amendment was to change the character of the judgment to which defendant was entitled to one more favorable to the plaintiff; and as she showed no right on the trial to recover anything, we do not see that she has a right to complain that the court permitted the defendant to voluntarily relinquish the right to have entered a judgment which would have been more unfavorable to her than the one actually entered. Under these circumstances it seems to the court that the plaintiff was not injured by the amendment, that the amendment did not necessitate the granting a new trial as it simply effected a voluntary relinquishment on the part of defendant of a portion of the fruits of its victory, and in truth simply put the defendant's plea in such form as to exhibit the real matter in controversy between the parties as understood by them and the court and jury at the trial.

The judgment of the Circuit Court is affirmed.